1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INDEX OF EXHIBITS

| Exhibit | Document | Page |
|---|---|---|
| A. | Original Class Action Complaint .......................................... 1 | |
| B. | Summons ......................................................................... 46 | |
| C. | Civil Cover Sheet ............................................................ 47 | |
| D. | Notice of Case Assignment ................................................ 48 | |
| E. | Form of Stipulation to Use ADR ........................................ 49 | |
| F. | Answer to Complaint ........................................................ 52 | |

DLA PIPER LLP (US)
SAN DIEGO

EAST\173902621.3

# EXHIBIT   A

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2020** at 10:49:26 AM

Clerk of the Superior Court
By Iris Tellez, Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SAN DIEGO**

10 | ISMAEL ORTEGA, an individual, on | Case No. _37-2020-00008677-CU-OE-CTL_
   behalf of himself and on behalf of all
11 persons similarly situated, | **CLASS ACTION COMPLAINT FOR:**

12              Plaintiff, | 1. UNFAIR COMPETITION IN
                                VIOLATION OF CAL. BUS. & PROF.
13 vs. | CODE §§ 17200, *et seq.*;
                                2. FAILURE TO PAY OVERTIME
14 | WAGES IN VIOLATION OF CAL. LAB.
   LOYAL SOURCE GOVERNMENT | CODE §§ 510, *et seq.*;
15 SERVICES LLC, a Limited Liability | 3. FAILURE TO PAY MINIMUM
   Company; and Does 1 through 50, | WAGES IN VIOLATION OF CAL. LAB.
16 Inclusive; | CODE §§ 1194, 1197 & 1197.1;
                                4. FAILURE TO PROVIDE REQUIRED
17              Defendants. | MEAL PERIODS IN VIOLATION OF
                                CAL. LAB. CODE §§ 226.7 & 512 AND
18 | THE APPLICABLE IWC WAGE ORDER;
                                5. FAILURE TO PROVIDE REQUIRED
19 | REST PERIODS IN VIOLATION OF
                                CAL. LAB. CODE §§ 226.7 & 512 AND
20 | THE APPLICABLE IWC WAGE ORDER;
                                6. FAILURE TO PROVIDE ACCURATE
21 | ITEMIZED STATEMENTS IN
                                VIOLATION OF CAL. LAB. CODE § 226;
22 | 7. FAILURE TO REIMBURSE
                                EMPLOYEES FOR REQUIRED
23 | EXPENSES IN VIOLATION OF CAL.
                                LAB. CODE § 2802; and,
24 | 8. FAILURE TO PROVIDE WAGES
                                WHEN DUE IN VIOLATION OF CAL.
25 | LAB. CODE §§ 201, 202 AND 203.
26 | **DEMAND FOR A JURY TRIAL**
27
28                                1
   _____
                          CLASS ACTION COMPLAINT

**EXHIBIT  A**
**PAGE  1**

1  Plaintiff Ismael Ortega ("PLAINTIFF"), an individual, on behalf of himself and all other

2  similarly situated current and former employees, alleges on information and belief, except for

3  his own acts and knowledge which are based on personal knowledge, the following:

4

5  **THE PARTIES**

6  1.  Defendant Loyal Source Government Services LLC ("DEFENDANT") is a

7  limited liability company that at all relevant times mentioned herein conducted and continues

8  to conduct substantial and regular business throughout California.

9  2.  DEFENDANT is a staffing company that offers health care, human resources, IT

10  and engineering services.

11  3.  PLAINTIFF was employed by DEFENDANT in California as a non-exempt

12  employee entitled to overtime pay and meal and rest periods from June of 2019 to December

13  of 2019.  PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT

14  as a non-exempt employee paid in whole or in part on an hourly basis and received additional

15  compensation from DEFENDANT in the form of non-discretionary incentive wages, including,

16  but not limited to, performance bonus wages

17  4.  PLAINTIFF brings this Class Action on behalf of himself and a California class,

18  defined as all individuals who are or previously were employed by DEFENDANT in California

19  and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

20  period beginning on the date  four (4) years prior to the filing of this Complaint and ending on

21  the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in

22  controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

23  dollars ($5,000,000.00).

24  5.  PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

25  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

26  the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which

27  failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's

28

CLASS ACTION COMPLAINT
**EXHIBIT A**
**PAGE 2**

1   policy and practice alleged herein is an unlawful, unfair and deceptive business practice

2   whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other

3   members of the CALIFORNIA CLASS.   PLAINTIFF and the other members of the

4   CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

5   future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS

6   who have been economically injured by DEFENDANT's past and current unlawful conduct,

7   and all other appropriate legal and equitable relief.

8           6.      The true names and capacities, whether individual, corporate, subsidiary,

9   partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

10   unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

11   to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege

12   the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.

13   PLAINTIFF is informed and believes, and based upon that information and belief alleges, that

14   the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are

15   responsible in some manner for one or more of the events and happenings that proximately

16   caused the injuries and damages hereinafter alleged.

17           7.      The agents, servants and/or employees of the Defendants and each of them acting

18   on behalf of the Defendants acted within the course and scope of his, her or its authority as the

19   agent, servant and/or employee of the Defendants, and personally participated in the conduct

20   alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

21   Consequently, the acts of each Defendant are legally attributable to the other Defendants and

22   all Defendants are jointly and severally liable to PLAINTIFF and the other members of the

23   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

24   Defendants' agents, servants and/or employees.

25   / / /

26   / / /

27   / / /

28

3

CLASS ACTION COMPLAINT

**EXHIBIT  A**
**PAGE  3**

**THE CONDUCT**

8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their minimum and overtime wages.  DEFENDANT unlawfully and unilaterally failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for working without compensation at the correct minimum wage and overtime rates.  DEFENDANT's policy and practice to not pay the members of the CALIFORNIA CLASS the correct compensation for all time worked in accordance with applicable law is evidenced by DEFENDANT's business records.  This policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

9.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.  Specifically, DEFENDANT required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break.  PLAINTIFF was from time to time interrupted by work assignments.  Indeed there were days where PLAINTIFF did not even receive a partial lunch.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by working without their time being accurately recorded and without compensation at the

CLASS ACTION COMPLAINT
**EXHIBIT  A**
**PAGE  4**

1   applicable minimum wage and overtime rates. To the extent that the time worked off the clock

2   did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages

3   for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

4       10.    State and federal law provides that employees must be paid overtime at one-and-

5   one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS

6   Members were compensated at an hourly rate plus incentive pay that was tied to specific

7   elements of an employee's performance.

8       11.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

9   Members' compensation was DEFENDANT's non-discretionary incentive program that paid

10  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

11  performance for DEFENDANT.  The non-discretionary incentive program provided all

12  employees paid on an hourly basis with incentive compensation when the employees met the

13  various performance goals set by DEFENDANT.  However, when calculating the regular rate

14  of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

15  DEFENDANT failed to include the incentive compensation as part of the employees' "regular

16  rate of pay" for purposes of calculating overtime pay.  Management and supervisors described

17  the incentive program to potential and new employees as part of the compensation package. As

18  a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

19  CLASS Members must be included in the "regular rate of pay."  The failure to do so has

20  resulted in a underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA

21  CLASS Members by DEFENDANT.

22      12.    In violation of the applicable sections of the California Labor Code and the

23  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT

24  intentionally and knowingly failed to compensate PLAINTIFF and the other members of the

25  CALIFORNIA CLASS at the correct rate of pay for all overtime worked.  This policy and

26  practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime

27  compensation as required by California law which allowed DEFENDANT to illegally profit and

28

1   gain an unfair advantage over competitors who complied with the law.  To the extent equitable

2   tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

3   CALIFORNIA CLASS PERIOD should be adjusted accordingly.

4        13.   As a result of their rigorous work schedules, PLAINTIFF and other

5   CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks

6   and were not fully relieved of duty for meal periods.  PLAINTIFF and other CALIFORNIA

7   CLASS Members were from time to time required to perform work as ordered by

8   DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

9   break.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS

10  Members with a second off-duty meal period from time to time in which these employees were

11  required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other

12  CALIFORNIA CLASS Members therefore forfeited meal breaks without additional

13  compensation and in accordance with DEFENDANT's corporate policy and practice.

14       14.   During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

15  CALIFORNIA CLASS Members were from time to time also required to work in excess of four

16  (4) hours without being provided ten (10) minute rest periods.  Further, these employees were

17  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

18  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

19  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at

20  least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.

21  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour

22  wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other

23  CALIFORNIA CLASS Members were periodically denied their proper rest periods by

24  DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage

25  Order requires employers to provide employees with off-duty rest periods, which the California

26  Supreme Court defined as time during which an employee is relieved from all work related

27  duties and free from employer control.  In so doing, the Court held that the requirement under

28

CLASS ACTION COMPLAINT
**EXHIBIT  A**
**PAGE  6**

1  California law that employers authorize and permit all employees to take rest period means that

2  employers must relieve employees of all duties and relinquish control over how employees

3  spend their time which includes control over the locations where employees may take their rest

4  period. Employers cannot impose controls that prohibit an employee from taking a brief walk -

5  five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and

6  other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on

7  Defendant's rule which stated PLAINTIFF and other CALIFORNIA CLASS Members could

8  not leave the work premises during their rest period.

9       15.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

10  employees with an accurate itemized wage statement in writing showing, among other things,

11  gross wages earned and all applicable hourly rates in effect during the pay period and the

12  corresponding amount of time worked at each hourly rate. DEFENDANT from time to time

13  failed to provide to PLAINTIFF and the CALIFORNIA CLASS wage statements that identify

14  the correct gross and net wages earned, the applicable number of hours worked and rates of pay.

15  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to

16  PLAINTIFF and other CALIFORNIA CLASS members an itemized wage statement that lists

17  all the requirements under California Labor Code 226 *et seq.*

18       16.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify

19  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

20  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence

21  of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section

22  2802, employers are required to indemnify employees for all expenses incurred in the course

23  and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall

24  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

25  in direct consequence of the discharge of his or her duties, or of his or her obedience to the

26  directions of the employer, even though unlawful, unless the employee, at the time of obeying

27  the directions, believed them to be unlawful."

28

7

CLASS ACTION COMPLAINT

**EXHIBIT  A**

**PAGE  7**

1   17. In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

2 Members as a business expense, were required by DEFENDANT to use their own personal

3 cellular phones as a result of and in furtherance of their job duties as employees for

4 DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

5 associated with the use of their personal cellular phones for DEFENDANT's benefit.

6 Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

7 DEFENDANT to use their personal cellular phones to for work related issues.  As a result, in

8 the course of their employment with DEFENDANT, PLAINTIFF and other members of the

9 CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

10 limited to, costs related to the use of their personal cellular phones all on behalf of and for the

11 benefit of DEFENDANT.

12   18. By reason of this conduct applicable to PLAINTIFF and all CALIFORNIA

13 CLASS Members, DEFENDANT committed acts of unfair competition in violation of the

14 California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by

15 engaging in a company-wide policy and procedure which failed to accurately calculate and

16 record the correct overtime rate for the overtime worked by PLAINTIFF and other

17 CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime hour

18 rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of

19 the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

20 required overtime compensation for work performed by the members of the CALIFORNIA

21 CLASS and violated the California Labor Code and regulations promulgated thereunder as

22 herein alleged.

23   19. Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to

24 him in the form of two components.  One component of PLAINTIFF's compensation was a

25 base hourly wage.  The second component of PLAINTIFF's compensation were non-

26 discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF

27 met certain predefined performance requirements.  PLAINTIFF met DEFENDANT's

28

CLASS ACTION COMPLAINT
**EXHIBIT A**
**PAGE 8**

1  predefined eligibility performance requirements in various pay periods throughout his
2  employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary
3  incentive wages.   During these pay periods in which PLAINTIFF was paid the non-
4  discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for
5  DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's
6  regular rate of pay for the purposes of calculating what should have been PLAINTIFF's
7  accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his
8  employment with DEFENDANT.   The incentive compensation paid by DEFENDANT
9  constituted wages within the meaning of the California Labor Code and thereby should have
10 been part of PLAINTIFF's "regular rate of pay."  PLAINTIFF was also from time to time
11 unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal
12 periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than
13 five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT
14 failed to provide PLAINTIFF with a second off-duty meal period from time to time in which
15 he was required by DEFENDANT to work ten (10) hours of work.   PLAINTIFF therefore
16 forfeited meal and rest breaks without additional compensation and in accordance with
17 DEFENDANT's corporate policy and practice. DEFENDANT also provided PLAINTIFF with
18 a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and
19 payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code
20 § 226(a). To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation
21 still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203.   The amount
22 in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.
23
24                          **JURISDICTION AND VENUE**
25        20.    This Court has jurisdiction over this Action pursuant to California Code of Civil
26 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This
27 action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees
28

1 │ of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

2 │ 　　　21.　　Venue is proper in this Court pursuant to California Code of Civil Procedure,

3 │ Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

4 │ maintained offices and facilities in this County and/or conducts substantial business in this

5 │ County, and (ii) committed the wrongful conduct herein alleged in this County against members

6 │ of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

7 │

8 │ **THE CALIFORNIA CLASS**

9 │ 　　　22.　　PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

10 │ Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

11 │ Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

12 │ all individuals who are or previously were employed by DEFENDANT in California and

13 │ classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

14 │ period beginning on the date four (4) years prior to the filing of this Complaint and ending on

15 │ the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

16 │ controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

17 │ dollars ($5,000,000.00).

18 │ 　　　23.　　To the extent equitable tolling operates to toll claims by the CALIFORNIA

19 │ CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

20 │ accordingly.

21 │ 　　　24.　　The California Legislature has commanded that "all wages... ...earned by any

22 │ person in any employment are due and payable twice during each calendar month, on days

23 │ designated in advance by the employer as the regular paydays",  and further that  "[a]ny work

24 │ in excess of eight hours in one workday and any work in excess of 40 hours in any one

25 │ workweek . . . shall be compensated at the rate of no less than one and one-half times the

26 │ regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare

27 │ Commission (IWC), however, is statutorily authorized to "establish exemptions from the

28 │

1 | requirement that an overtime rate of compensation be paid... ...for executive, administrative, and
2 | professional employees, provided [inter alia] that the employee is primarily engaged in duties
3 | that meet the test of the exemption, [and] customarily and regularly exercises discretion and
4 | independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the
5 | PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA
6 | LABOR SUB-CLASS qualify for exemption from the above requirements.

7 |      25.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare
8 | Commission ("IWC") Wage Order requirements, and the applicable provisions of California
9 | law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed
10 | to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF
11 | and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the
12 | benefit of this work, required employees to perform this work and permitted or suffered to
13 | permit this overtime work.

14 |      26.    DEFENDANT has the legal burden to establish that each and every
15 | CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to
16 | accurately calculate the "regular rate of pay" by including the incentive compensation that
17 | PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.
18 | DEFENDANT, however, as a matter of policy and procedure failed to have in place during the
19 | CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure
20 | that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all
21 | overtime worked, so as to satisfy their burden. This common business practice applicable to
22 | each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as
23 | unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*.
24 | (the "UCL") as causation, damages, and reliance are not elements of this claim.

25 |      27.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for
26 | any member of the CALIFORNIA CLASS properly recalculated so as to compensate the
27 | employee for all overtime worked at the applicable rate, as required by California Labor Code
28 |

1  §§ 204 and 510, *et seq*. At no time during the CALIFORNIA CLASS PERIOD was the

2  overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

3  as to include all earnings in the overtime compensation calculation as required by California

4  Labor Code §§ 510, *et seq*.

5      28.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

6  CLASS Members is impracticable.

7      29.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California

8  law by:

9              (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

10                    §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

11                    place company policies, practices and procedures that failed to pay all

12                    minimum and overtime wages due the CALIFORNIA CLASS for all time

13                    worked, and failed to accurately record the applicable rates of all overtime

14                    worked by the CALIFORNIA CLASS;

15             (b)    Committing an act of unfair competition in violation of the California

16                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

17                    unlawfully, unfairly, and/or deceptively having in place a company policy,

18                    practice and procedure that failed to correctly calculate overtime

19                    compensation due to PLAINTIFF and the members of the CALIFORNIA

20                    CLASS;

21             (c)    Committing an act of unfair competition in violation of the California

22                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

23                    violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

24                    *seq.*, by failing to pay the correct federal overtime wages to the

25                    PLAINTIFF and the members of the CALIFORNIA CLASS as legally

26                    required by the FLSA, and retaining the unpaid federal overtime to the

27                    benefit of DEFENDANT.;

28

1     (d)  Committing an act of unfair competition in violation of the California

2         Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

3         failing to provide mandatory meal and/or rest breaks to PLAINTIFF and

4         the CALIFORNIA CLASS members; and,

5     (e)  Committing an act of unfair competition in violation of the California

6         Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

7         violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

8         the CALIFORNIA CLASS members with necessary expenses incurred in

9         the discharge of their job duties.

10   30.  This Class Action meets the statutory prerequisites for the maintenance of a Class

11 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

12     (a)  The persons who comprise the CALIFORNIA CLASS are so numerous

13         that the joinder of all such persons is impracticable and the disposition of

14         their claims as a class will benefit the parties and the Court;

15     (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

16         that are raised in this Complaint are common to the CALIFORNIA

17         CLASS will apply to every member of the CALIFORNIA CLASS;

18     (c)  The claims of the representative PLAINTIFF are typical of the claims of

19         each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

20         other members of the CALIFORNIA CLASS, was subjected to the

21         employment practices of DEFENDANT and was a non-exempt employee

22         paid on an hourly basis and paid additional non-discretionary incentive

23         wages who was subjected to the DEFENDANT's practice and policy

24         which fails to pay the correct rate of overtime wages due to the

25         CALIFORNIA CLASS for all overtime worked by the CALIFORNIA

26         CLASS and thereby underpays overtime compensation to the

27         CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a

28

1               result of DEFENDANT's employment practices.  PLAINTIFF and the

2               members of the CALIFORNIA CLASS were and are similarly or

3               identically harmed by the same unlawful, deceptive and unfair

4               misconduct engaged in by DEFENDANT; and,

5       (d)     The representative PLAINTIFF will fairly and adequately represent and

6               protect the interest of the CALIFORNIA CLASS, and has retained

7               counsel who are competent and experienced in Class Action litigation.

8               There are no material conflicts between the claims of the representative

9               PLAINTIFF and the members of the CALIFORNIA CLASS that would

10              make class certification inappropriate.  Counsel for the CALIFORNIA

11              CLASS will vigorously assert the claims of all CALIFORNIA CLASS

12              Members.

13      31.    In addition to meeting the statutory prerequisites to a Class Action, this action

14 is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

15       (a)     Without class certification and determination of declaratory, injunctive,

16              statutory and other legal questions within the class format, prosecution of

17              separate actions by individual members of the CALIFORNIA CLASS will

18              create the risk of:

19            1)     Inconsistent or varying adjudications with respect to individual

20                   members of the CALIFORNIA CLASS which would establish

21                   incompatible standards of conduct for the parties opposing the

22                   CALIFORNIA CLASS; and/or,

23            2)     Adjudication with respect to individual members of the

24                   CALIFORNIA CLASS which would as a practical matter be

25                   dispositive of interests of the other members not party to the

26                   adjudication or substantially impair or impede their ability to

27                   protect their interests.

28

14

CLASS ACTION COMPLAINT

**EXHIBIT  A**
**PAGE  14**

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

      1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

      1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

15

CLASS ACTION COMPLAINT

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

32.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are

16

CLASS ACTION COMPLAINT

**EXHIBIT  A**

**PAGE  16**

1                    applied with respect to the CALIFORNIA CLASS;

2        (b)     A Class Action is superior to any other available method for the fair and

3                    efficient adjudication of the claims of the members of the CALIFORNIA

4                    CLASS because in the context of employment litigation a substantial

5                    number of individual CALIFORNIA CLASS Members will avoid

6                    asserting their rights individually out of fear of retaliation or adverse

7                    impact on their employment;

8        (c)     The members of the CALIFORNIA CLASS are so numerous that it is

9                    impractical to bring all members of the CALIFORNIA CLASS before the

10                   Court;

11       (d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

12                   able to obtain effective and economic legal redress unless the action is

13                   maintained as a Class Action;

14       (e)     There is a community of interest in obtaining appropriate legal and

15                   equitable relief for the acts of unfair competition, statutory violations and

16                   other improprieties, and in obtaining adequate compensation for the

17                   damages and injuries which DEFENDANT's actions have inflicted upon

18                   the CALIFORNIA CLASS;

19       (f)     There is a community of interest in ensuring that the combined assets of

20                   DEFENDANT are sufficient to adequately compensate the members of

21                   the CALIFORNIA CLASS for the injuries sustained;

22       (g)     DEFENDANT has acted or refused to act on grounds generally applicable

23                   to the CALIFORNIA CLASS, thereby making final class-wide relief

24                   appropriate with respect to the CALIFORNIA CLASS as a whole;

25       (h)     The members of the CALIFORNIA CLASS are readily ascertainable from

26                   the business records of DEFENDANT; and,

27       (i)     Class treatment provides manageable judicial treatment calculated to bring

28                               17

1                a efficient and rapid conclusion to all litigation of all wage and hour

2                related claims arising out of the conduct of DEFENDANT as to the

3                members of the CALIFORNIA CLASS.

4     33.    DEFENDANT maintains records from which the Court can ascertain and identify

5 by job title each of DEFENDANT's employees who as have been intentionally subjected to

6 DEFENDANT's conduct as herein alleged.  PLAINTIFF will seek leave to amend the

7 Complaint to include any additional job titles of similarly situated employees when they have

8 been identified.

9

10                **THE CALIFORNIA LABOR SUB-CLASS**

11     34.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and

12 Eighth causes of Action on behalf of a California sub-class, defined as all members of the

13 CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR

14 SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the

15 filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA

16 LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in

17 controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under

18 five million dollars ($5,000,000.00).

19     35.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

20 Commission ("IWC") Wage Order requirements, and the applicable provisions of California

21 law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed

22 to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the

23 other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT

24 enjoyed the benefit of this work, required employees to perform this work and permitted or

25 suffered to permit this overtime work. DEFENDANT has denied these CALIFORNIA LABOR

26 SUB-CLASS Members overtime wages at the correct amount to which these employees are

27 entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable

28

1    tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against
2    DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted
3    accordingly.

4         36.    DEFENDANT maintains records from which the Court can ascertain and identify
5    by name and job title, each of DEFENDANT's employees who have been intentionally
6    subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFF will seek leave to amend
7    the complaint to include any additional job titles of similarly situated employees when they have
8    been identified.

9         37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
10   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

11        38.    Common questions of law and fact exist as to members of the CALIFORNIA
12   LABOR SUB-CLASS, including, but not limited, to the following:

13                  (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay
14                         overtime compensation to members of the CALIFORNIA LABOR SUB-
15                         CLASS in violation of the California Labor Code and California
16                         regulations and the applicable California Wage Order;

17                  (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are
18                         entitled to overtime compensation for overtime worked under the overtime
19                         pay requirements of California law;

20                  (c)    Whether DEFENDANT failed to accurately record the applicable
21                         overtime rates for all overtime worked PLAINTIFF and the other
22                         members of the CALIFORNIA LABOR SUB-CLASS;

23                  (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other
24                         members of the CALIFORNIA LABOR SUB-CLASS with legally
25                         required uninterrupted thirty (30) minute meal breaks and rest periods;

26                  (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other
27                         members of the CALIFORNIA LABOR SUB-CLASS with accurate

28                                            19
                              _____
                                 CLASS ACTION COMPLAINT

                                     EXHIBIT  A
                                     PAGE  19

1                 itemized wage statements;

2             (f)     Whether DEFENDANT has engaged in unfair competition by the

3                      above-listed conduct;

4             (g)     The proper measure of damages and penalties owed to the members of the

5                      CALIFORNIA LABOR SUB-CLASS; and,

6             (h)     Whether DEFENDANT's conduct was willful.

7       39.     DEFENDANT failed to accurately calculate overtime compensation for the

8 CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the

9 applicable overtime rates for the overtime worked by these employees. All of the

10 CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt

11 employees who were paid on an hourly basis by DEFENDANT according to company

12 procedures as alleged herein above. This business practice was applied to each and every

13 member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this

14 conduct can be adjudicated on a class-wide basis.

15       40.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

16 under California law by:

17             (a)     Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay

18                      PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

19                      CLASS the correct overtime pay for which DEFENDANT is liable

20                      pursuant to Cal. Lab. Code § 1194 & § 1198;

21             (b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

22                      accurately pay PLAINTIFF and the members of the CALIFORNIA

23                      LABOR SUB-CLASS the correct minimum wage pay for which

24                      DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

25             (c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

26                      PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

27                      CLASS with all legally required off-duty, uninterrupted thirty (30) minute

28

20

CLASS ACTION COMPLAINT

**EXHIBIT A**

**PAGE 20**

1          meal breaks and the legally required rest breaks; and,

2      (d)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

3          members of the CALIFORNIA LABOR SUB-CLASS with an accurate

4          itemized statement in writing showing all accurate and applicable

5          overtime rates in effect during the pay period and the corresponding

6          amount of time worked at each overtime rate by the employee;

7      (e)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

8          the CALIFORNIA LABOR SUB-CLASS members with necessary

9          expenses incurred in the discharge of their job duties; and,

10      (f)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

11          when an employee is discharged or quits from employment, the employer

12          must pay the employee all wages due without abatement, by failing to

13          tender full payment and/or restitution of wages owed or in the manner

14          required by California law to the members of the CALIFORNIA LABOR

15          SUB-CLASS who have terminated their employment.

16     41.    This Class Action meets the statutory prerequisites for the maintenance of a Class

17 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

18      (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

19          so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

20          Members is impracticable and the disposition of their claims as a class

21          will benefit the parties and the Court;

22      (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

23          that are raised in this Complaint are common to the CALIFORNIA

24          LABOR SUB-CLASS and will apply to every member of the

25          CALIFORNIA LABOR SUB-CLASS;

26      (c)    The claims of the representative PLAINTIFF are typical of the claims of

27          each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

28

1    like all the other members of the CALIFORNIA LABOR SUB-CLASS,
2    was a non-exempt employee paid on an hourly basis and paid additional
3    non-discretionary incentive wages who was subjected to the
4    DEFENDANT's practice and policy which failed to pay the correct rate
5    of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for
6    all overtime worked. PLAINTIFF sustained economic injury as a result
7    of DEFENDANT's employment practices. PLAINTIFF and the members
8    of the CALIFORNIA LABOR SUB-CLASS were and are similarly or
9    identically harmed by the same unlawful, deceptive and unfair
10   misconduct engaged in by DEFENDANT; and,

11   (d)   The representative PLAINTIFF will fairly and adequately represent and
12   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has
13   retained counsel who are competent and experienced in Class Action
14   litigation. There are no material conflicts between the claims of the
15   representative PLAINTIFF and the members of the CALIFORNIA
16   LABOR SUB-CLASS that would make class certification inappropriate.
17   Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously
18   assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

19   42.   In addition to meeting the statutory prerequisites to a Class Action, this action is
20   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21   (a)   Without class certification and determination of declaratory, injunctive,
22   statutory and other legal questions within the class format, prosecution of
23   separate actions by individual members of the CALIFORNIA LABOR
24   SUB-CLASS will create the risk of:

25   1)   Inconsistent or varying adjudications with respect to individual
26   members of the CALIFORNIA LABOR SUB-CLASS which
27   would establish incompatible standards of conduct for the parties

28
                              22

1           opposing the CALIFORNIA LABOR SUB-CLASS; or,

2     2)    Adjudication with respect to individual members of the

3           CALIFORNIA LABOR SUB-CLASS which would as a practical

4           matter be dispositive of interests of the other members not party to

5           the adjudication or substantially impair or impede their ability to

6           protect their interests.

7  (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

8         or refused to act on grounds generally applicable to the CALIFORNIA

9         LABOR SUB-CLASS, making appropriate class-wide relief with respect

10        to the CALIFORNIA LABOR SUB-CLASS as a whole in that

11        DEFENDANT failed to pay all wages due. Including the correct overtime

12        rate, for all overtime worked by the members of the CALIFORNIA

13        LABOR SUB-CLASS as required by law;

14  (c)    Common questions of law and fact predominate as to the members of the

15        CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

16        violations of California Law as listed above, and predominate over any

17        question affecting only individual CALIFORNIA LABOR SUB-CLASS

18        Members, and a Class Action is superior to other available methods for

19        the fair and efficient adjudication of the controversy, including

20        consideration of:

21     1)    The interests of the members of the CALIFORNIA LABOR SUB-

22           CLASS in individually controlling the prosecution or defense of

23           separate actions in that the substantial expense of individual

24           actions will be avoided to recover the relatively small amount of

25           economic losses sustained by the individual CALIFORNIA

26           LABOR SUB-CLASS Members when compared to the substantial

27           expense and burden of individual prosecution of this litigation;

28

23

CLASS ACTION COMPLAINT

**EXHIBIT A**

**PAGE 23**

1                 2)     Class certification will obviate the need for unduly duplicative

2                      litigation that would create the risk of:

3                      A.     Inconsistent or varying adjudications with respect to

4                               individual members of the CALIFORNIA LABOR SUB-

5                               CLASS, which would establish incompatible standards of

6                               conduct for the DEFENDANT; and/or,

7                      B.     Adjudications with respect to individual members of the

8                               CALIFORNIA LABOR SUB-CLASS would as a practical

9                             matter be dispositive of the interests of the other members

10                             not parties to the adjudication or substantially impair or

11                             impede their ability to protect their interests;

12                 3)     In the context of wage litigation because a substantial number of

13                      individual CALIFORNIA LABOR SUB-CLASS Members will

14                      avoid asserting their legal rights out of fear of retaliation by

15                      DEFENDANT, which may adversely affect an individual's job

16                      with DEFENDANT or with a subsequent employer, the Class

17                      Action is the only means to assert their claims through a

18                      representative; and,

19                 4)     A class action is superior to other available methods for the fair

20                      and efficient adjudication of this litigation because class treatment

21                      will obviate the need for unduly and unnecessary duplicative

22                      litigation that is likely to result in the absence of certification of

23                      this action pursuant to Cal. Code of Civ. Proc. § 382.

24         43.     This Court should permit this action to be maintained as a Class Action pursuant

25   to Cal. Code of Civ. Proc. § 382 because:

26             (a)     The questions of law and fact common to the CALIFORNIA LABOR

27                      SUB-CLASS predominate over any question affecting only individual

28

24

1              CALIFORNIA LABOR SUB-CLASS Members;

2     (b)      A Class Action is superior to any other available method for the fair and

3              efficient adjudication of the claims of the members of the CALIFORNIA

4              LABOR SUB-CLASS because in the context of employment litigation a

5              substantial number of individual CALIFORNIA LABOR SUB-CLASS

6              Members will avoid asserting their rights individually out of fear of

7              retaliation or adverse impact on their employment;

8     (c)      The members of the CALIFORNIA LABOR SUB-CLASS are so

9              numerous that it is impractical to bring all members of the CALIFORNIA

10             LABOR SUB-CLASS before the Court;

11    (d)      PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

12             Members, will not be able to obtain effective and economic legal redress

13             unless the action is maintained as a Class Action;

14    (e)      There is a community of interest in obtaining appropriate legal and

15             equitable relief for the acts of unfair competition, statutory violations and

16             other improprieties, and in obtaining adequate compensation for the

17             damages and injuries which DEFENDANT's actions have inflicted upon

18             the CALIFORNIA LABOR SUB-CLASS;

19    (f)      There is a community of interest in ensuring that the combined assets of

20             DEFENDANT are sufficient to adequately compensate the members of

21             the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

22    (g)      DEFENDANT has acted or refused to act on grounds generally applicable

23             to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

24             wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

25             CLASS as a whole;

26    (h)      The members of the CALIFORNIA LABOR SUB-CLASS are readily

27             ascertainable from the business records of DEFENDANT. The

28                                   25
─────────────────────────────────────────
                   CLASS ACTION COMPLAINT

**EXHIBIT A**
**PAGE 25**

1              CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

2              CLASS Members classified as non-exempt employees during the

3              CALIFORNIA LABOR SUB-CLASS PERIOD; and,

4       (i)     Class treatment provides manageable judicial treatment calculated to bring

5              a efficient and rapid conclusion to all litigation of all wage and hour

6              related claims arising out of the conduct of DEFENDANT as to the

7              members of the CALIFORNIA LABOR SUB-CLASS.

8

9                         **FIRST CAUSE OF ACTION**

10                       **For Unlawful Business Practices**

11              **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

12        **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

13       44.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

14 incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

15 Complaint.

16       45.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

17 Code § 17021.

18       46.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

19 unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

20 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

21 competition as follows:

22         Any person who engages, has engaged, or proposes to engage in unfair
          competition may be enjoined in any court of competent jurisdiction. The court

23         may make such orders or judgments, including the appointment of a receiver, as
          may be necessary to prevent the use or employment by any person of any practice

24         which constitutes unfair competition, as defined in this chapter, or as may be
          necessary to restore to any person in interest any money or property, real or

25         personal, which may have been acquired by means of such unfair competition.

26 Cal. Bus. & Prof. Code § 17203.

27       47.    By the conduct alleged herein, DEFENDANT has engaged and continues to

28                           26

1  engage in a business practice which violates California law, including but not limited to, the

2  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

3  including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, The Fair Labor

4  Standards Act and federal regulations promulgated thereunder,  for which this Court should

5  issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may

6  be necessary to prevent and remedy the conduct held to constitute unfair competition, including

7  restitution of wages wrongfully withheld.

8      48.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

9  unfair in that these practices violated public policy, were immoral, unethical, oppressive,

10  unscrupulous or substantially injurious to employees, and were without valid justification or

11  utility for which this Court should issue equitable and injunctive relief pursuant to Section

12  17203 of the California Business & Professions Code, including restitution of wages wrongfully

13  withheld.

14      49.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

15  fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFF, and other

16  members of the CALIFORNIA CLASS, minimum and overtime wages for all time worked,

17  failed to accurately to record the applicable rate of all overtime worked, failed to pay reporting

18  time wages owed, failed to reimburse necessary business expenses incurred, and failed to

19  provide the required amount of overtime compensation due to a miscalculation of the overtime

20  rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare

21  Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this

22  Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,

23  including restitution of wages wrongfully withheld.

24      50.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

25  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

26  other members of the CALIFORNIA CLASS to be underpaid during their employment with

27  DEFENDANT.

28

1    51.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

2    deceptive in that DEFENDANT's policies, practices and procedures failed to provide

3    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

4    52.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

5    CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

6    meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

7    for each workday in which a second off-duty meal period was not timely provided for each ten

8    (10) hours of work.

9    53.    PLAINTIFF further demands on behalf of himself and on behalf of each

10   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

11   paid rest period was not timely provided as required by law.

12   54.    By and through the unlawful and unfair business practices described herein,

13   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

14   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

15   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

16   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

17   to unfairly compete against competitors who comply with the law.

18   55.    All the acts described herein as violations of, among other things, the Industrial

19   Welfare Commission Wage Orders, the California Code of Regulations, and the California

20   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

21   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

22   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

23   56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

24   and do, seek such relief as may be necessary to restore to them the money and property which

25   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

26   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

27   unfair business practices, including earned but unpaid wages for all overtime worked.

28

28

CLASS ACTION COMPLAINT

**EXHIBIT A**

**PAGE 28**

1    57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

2  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

3  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

4  engaging in any unlawful and unfair business practices in the future.

5    58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

6  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

7  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

8  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

9  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

10  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

11  engage in these unlawful and unfair business practices.

12

13    **SECOND CAUSE OF ACTION**

14    **For Failure To Pay Overtime Compensation**

15    **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

16    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

17    **Defendants)**

18    59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

20  of this Complaint.

21    60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

22  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

23  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

24  accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other

25  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

26  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

27  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

28

29

CLASS ACTION COMPLAINT

**EXHIBIT A**
**PAGE 29**

1    any workweek.

2        61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

3    public policy, an employer must timely pay its employees for all hours worked.

4        62.    Cal. Lab. Code § 510 further provides that employees in California shall not be

5    employed more than eight (8) hours per workday and/or more than forty (40) hours per

6    workweek unless they receive additional compensation beyond their regular wages in amounts

7    specified by law.

8        63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

9    including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

10   Code § 1198 further states that the employment of an employee for longer hours than those

11   fixed by the Industrial Welfare Commission is unlawful.

12       64.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

13   CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

14   DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

15   including overtime work. DEFENDANT maintained a wage practice of paying PLAINTIFF and

16   the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

17   amount of overtime worked and correct applicable overtime rate for the amount of overtime

18   they worked.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and

19   intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and

20   the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact

21   failed to pay these employees the correct applicable overtime wages for all overtime worked.

22       65.    DEFENDANT's unlawful wage and hour practices manifested, without

23   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

24   implementing a policy and practice that denied accurate compensation to PLAINTIFF and the

25   other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including,

26   the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any

27   workweek.

28
                                        30

66.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

31
CLASS ACTION COMPLAINT

**EXHIBIT  A**
**PAGE  31**

1       71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

2  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

3  CLASS for the true time they worked, PLAINTIFF and the other members of the

4  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

5  injury in amounts which are presently unknown to them and which will be ascertained

6  according to proof at trial.

7       72.    DEFENDANT knew or should have known that PLAINTIFF and the other

8  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

9  worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

10  to not pay employees for their labor as a matter of company policy, practice and procedure, and

11  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

12  of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

13       73.    In performing the acts and practices herein alleged in violation of California labor

14  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

15  all time worked and provide them with the requisite overtime compensation, DEFENDANT

16  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

17  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

18  disregard for their legal rights, or the consequences to them, and with the despicable intent of

19  depriving them of their property and legal rights, and otherwise causing them injury in order

20  to increase company profits at the expense of these employees.

21       74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

22  therefore request recovery of all unpaid wages, including overtime wages, according to proof,

23  interest, statutory costs, as well as the assessment of any statutory penalties against

24  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

25  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

26  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

27  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

28

1  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

2  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

3  conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF

4  and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

5  statutory costs.

6

7                              **THIRD CAUSE OF ACTION**

8                          **For Failure To Pay Minimum Wages**

9                     **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

10             **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

11                         **and Against All Defendants)**

12         75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

13  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

14  paragraphs of this Complaint.

15         76.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

16  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

17  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

18  accurately calculate and pay minimum and reporting time wages to PLAINTIFF and

19  CALIFORNIA CLASS Members.

20         77.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

21  public policy, an employer must timely pay its employees for all hours worked.

22         78.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

23  commission is the minimum wage to be paid to employees, and the payment of a less wage than

24  the minimum so fixed in unlawful.

25         79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26  including minimum wage compensation and interest thereon, together with the costs of suit.

27         80.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other

28                                          33
                              CLASS ACTION COMPLAINT

1    members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

2    time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and

3    intentionally deny timely payment of wages due to PLAINTIFF and the other members of the

4    CALIFORNIA LABOR SUB-CLASS.

5          81.    DEFENDANT's unlawful wage and hour practices manifested, without

6    limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

7    implementing a policy and practice that denies accurate compensation to PLAINTIFF and the

8    other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

9          82.    In committing these violations of the California Labor Code, DEFENDANT

10    inaccurately calculated the correct time worked and consequently underpaid the actual time

11    worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

12    DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

13    benefits in violation of the California Labor Code, the Industrial Welfare Commission

14    requirements and other applicable laws and regulations.

15          83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

16    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

17    receive the correct minimum wage compensation for their time worked for DEFENDANT.

18          84.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

19    required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

20    Members to work without paying them for all the time they were under DEFENDANT's

21    control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

22    members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they

23    were entitled to, constituting a failure to pay all earned wages.

24          85.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

25    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

26    CLASS for the true time they worked, PLAINTIFF and the other members of the

27    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

28

1  injury in amounts which are presently unknown to them and which will be ascertained
2  according to proof at trial.

3       86.    DEFENDANT knew or should have known that PLAINTIFF and the other
4  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time
5  worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,
6  to not pay employees for their labor as a matter of company policy, practice and procedure, and
7  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members
8  of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

9       87.    In performing the acts and practices herein alleged in violation of California labor
10  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
11  all time worked and provide them with the requisite compensation, DEFENDANT acted and
12  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other
13  members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for
14  their legal rights, or the consequences to them, and with the despicable intent of depriving them
15  of their property and legal rights, and otherwise causing them injury in order to increase
16  company profits at the expense of these employees.

17       88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
18  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as
19  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
20  by the California Labor Code and/or other applicable statutes. To the extent minimum wage
21  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members
22  who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§
23  201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties
24  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
25  CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein
26  was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA
27  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

28

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

89.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

90.     During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's  corporate policy and practice.

91.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable

36

1   Wage Order, one additional hour of compensation at each employee's regular rate of pay for

2   each workday that a meal period was not provided.

3       92.   As a proximate result of the aforementioned violations, PLAINTIFF and

4   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

5   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

6   suit.

7

8                           **FIFTH CAUSE OF ACTION**

9                   **For Failure to Provide Required Rest Periods**

10                      **[Cal. Lab. Code §§ 226.7 & 512 ]**

11      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                                 **Defendants)**

13      93.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

15   of this Complaint.

16      94.   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

17   time to time required to work in excess of four (4) hours without being provided ten (10) minute

18   rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

19   minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

20   period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

21   and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

22   ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-

23   CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of

24   their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

25   Members were periodically denied their proper rest periods by DEFENDANT and

26   DEFENDANT's managers.

27      95.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

28                                      37
_____
                    CLASS ACTION COMPLAINT

**EXHIBIT  A**
**PAGE  37**

1  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

2  CLASS Members who were not provided a rest period, in accordance with the applicable Wage

3  Order, one additional hour of compensation at each employee's regular rate of pay for each

4  workday that rest period was not provided.

5      96.    As a proximate result of the aforementioned violations, PLAINTIFF and

6  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

7  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

8  suit.

9

10                  **SIXTH CAUSE OF ACTION**

11      **For Failure to Provide Accurate Itemized Statements**

12               **[Cal. Lab. Code § 226]**

13  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                     **Defendants)**

15      97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

16  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

17  of this Complaint.

18      98.    Cal. Labor Code § 226 provides that an employer must furnish employees with

19  an "accurate itemized" statement in writing showing:

20      (1) gross wages earned,

21      (2) total hours worked by the employee, except for any employee whose compensation

22      is solely based on a salary and who is exempt from payment of overtime under

23      subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

24      Commission,

25      (3) the number of piecerate units earned and any applicable piece rate if the employee

26      is paid on a piece-rate basis,

27      (4) all deductions, provided that all deductions made on written orders of the employee

28                     38

1   may be aggregated and shown as one item,

2   (5) net wages earned,

3   (6) the inclusive dates of the period for which the employee is paid,

4   (7) the name of the employee and his or her social security number, except that by

5   January 1, 2008, only the last four digits of his or her social security number or an

6   employee identification number other than a social security number may be shown on

7   the itemized statement,

8   (8) the name and address of the legal entity that is the employer, and

9   (9) all applicable hourly rates in effect during the pay period and the corresponding

10   number of hours worked at each hourly rate by the employee.

11   99.   From time to time, DEFENDANT also failed to provide PLAINTIFF and the

12   other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage

13   statements which failed to show, among other things, the correct gross and net wages earned

14   and correct amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall

15   furnish each of his or her employees with an accurate itemized wage statement in writing

16   showing, among other things, gross wages earned and all applicable hourly rates in effect during

17   the pay period and the corresponding amount of time worked at each hourly rate.  Aside, from

18   the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an

19   itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.*

20   As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of

21   the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code

22   § 226.

23   100.   DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

24   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

26   expended calculating the correct rates for the overtime worked and the amount of employment

27   taxes which were not properly paid to state and federal tax authorities.  These damages are

28

1  difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA

2  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

3  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

4  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

5  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

6  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

7

8  **SEVENTH CAUSE OF ACTION**

9  **For Failure to Reimburse Employees for Required Expenses**

10  **[Cal. Lab. Code § 2802]**

11  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12  **Defendants)**

13  101.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

14  reallege and incorporate by this reference, as though fully set forth herein, the prior

15  paragraphs of this Complaint.

16  102.   Cal. Lab. Code § 2802 provides, in relevant part, that:

17  An employer shall indemnify his or her employee for all necessary expenditures
   or losses incurred by the employee in direct consequence of the discharge of his
18  or her duties, or of his or her obedience to the directions of the employer, even
   though unlawful, unless the employee, at the time of obeying the directions,
19  believed them to be unlawful.

20  103.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

21  failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

22  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

23  benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

24  CLASS members for expenses which included, but were not limited to, costs related to using

25  their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically,

26  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by

27  DEFENDANT to use their personal cellular phones in order to perform work related job tasks.

28

40

CLASS ACTION COMPLAINT

**EXHIBIT  A**

**PAGE  40**

1   DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA

2   LABOR SUB-CLASS members for expenses resulting from using their personal cellular

3   phones for DEFENDANT within the course and scope of their employment for DEFENDANT.

4   These expenses were necessary to complete their principal job duties. DEFENDANT is

5   estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these

6   expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR

7   SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the

8   CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required

9   to do under the laws and regulations of California.

10      104.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred

11   by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job

12   duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest

13   at the statutory rate and costs under Cal. Lab. Code § 2802.

14
                            **EIGHTH CAUSE OF ACTION**
15
                        **For Failure to Pay Wages When Due**
16
                        **[ Cal. Lab. Code §§ 201, 202, 203]**
17
        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
18
                                **Defendants)**
19
20      105.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

21   reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

22   this Complaint.

23      106.    Cal. Lab. Code § 200 provides that:

    As used in this article:
24   (a) "Wages" includes all amounts for labor performed by employees of every
    description, whether the amount is fixed or ascertained by the standard of time,
25   task, piece, Commission basis, or other method of calculation.
    (b) "Labor" includes labor, work, or service whether rendered or performed under
26   contract, subcontract, partnership, station plan, or other agreement if the labor to
    be paid for is performed personally by the person demanding payment.
27
        107.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges
28
                                    41
                        CLASS ACTION COMPLAINT

                        **EXHIBIT  A**
                        **PAGE  41**

1  an employee, the wages earned and unpaid at the time of discharge are due and payable

2  immediately."

3      108.  Cal. Lab. Code § 202 provides, in relevant part, that:

4  If an employee not having a written contract for a definite period quits his or her
   employment, his or her wages shall become due and payable not later than 72

5  hours thereafter, unless the employee has given 72 hours previous notice of his
   or her intention to quit, in which case the employee is entitled to his or her wages

6  at the time of quitting. Notwithstanding any other provision of law, an employee
   who quits without providing a 72-hour notice shall be entitled to receive payment

7  by mail if he or she so requests and designates a mailing address. The date of the
   mailing shall constitute the date of payment for purposes of the requirement to

8  provide payment within 72 hours of the notice of quitting.

9      109.  There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

10  CLASS Members' employment contract.

11      110.  Cal. Lab. Code § 203 provides:

12  If an employer willfully fails to pay, without abatement or reduction, in
   accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee

13  who is discharged or who quits, the wages of the employee shall continue as a
   penalty from the due date thereof at the same rate until paid or until an action

14  therefor is commenced; but the wages shall not continue for more than 30 days.

15      111.  The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

16  Members terminated and DEFENDANT has not tendered payment of overtime wages, to these

17  employees who actually worked overtime, as required by law.

18      112.  Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

19  members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF

20  demands up to thirty days of pay as penalty for not paying all wages due at time of termination

21  for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

22  PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory

23  costs as allowed by law.

24  **PRAYER FOR RELIEF**

25      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

26  severally, as follows:

27  1.  On behalf of the CALIFORNIA CLASS:

28

42

CLASS ACTION COMPLAINT

**EXHIBIT A**
**PAGE 42**

1       A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA

2                 CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

3       B)     An order temporarily, preliminarily and permanently enjoining and restraining

4                 DEFENDANT from engaging in similar unlawful conduct as set forth herein;

5       C)     An order requiring DEFENDANT to pay all wages and all sums unlawfuly

6                 withheld from compensation due to PLAINTIFF and the other members of the

7                 CALIFORNIA CLASS; and,

8       D)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

9                 for restitution of the sums incidental to DEFENDANT's violations due to

10              PLAINTIFF and to the other members of the CALIFORNIA CLASS.

11  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

12       A)     That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

13                 Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

14                 action pursuant to Cal. Code of Civ. Proc. § 382;

15       B)     Compensatory damages, according to proof at trial, including compensatory

16                 damages for overtime compensation due PLAINTIFF and the other members of

17                 the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

18                 LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

19       C)     Meal and rest period compensation pursuant to California Labor Code Section

20                 226.7 and the applicable IWC Wage Order;

21       D)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

22                 in which a violation occurs and one hundred dollars ($100) per each member of

23                 the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

24                 period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

25                 an award of costs for violation of Cal. Lab. Code § 226;

26       E)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

27                 LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

28

43

CLASS ACTION COMPLAINT

**EXHIBIT A**

**PAGE 43**

1            costs of suit;

2      F)      For liquidated damages pursuant to California Labor Code Sections 1194.2 and

3              1197; and,

4      G)      The wages of all terminated employees from the CALIFORNIA LABOR SUB-

5              CLASS as a penalty from the due date thereof at the same rate until paid or until

6              an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

7    3.     On all claims:

8      A)      An award of interest, including prejudgment interest at the legal rate;

9      B)      Such other and further relief as the Court deems just and equitable; and,

10     C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

11            including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802.

12

13 Dated: February 14, 2020         BLUMENTHAL NORDREHAUG BHOWMIK

14                                DE BLOUW LLP

15                                /s/ *Norman Blumenthal*

16                 By: _____

17                                Norman B. Blumenthal

                                  Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

44

1

## DEMAND FOR A JURY TRIAL

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: February 14, 2020        BLUMENTHAL NORDREHAUG BHOWMIK
                                      DE BLOUW LLP
5

6                                     By:   /s/ Norman Blumenthal
7                                           Norman B. Blumenthal
                                            Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            45

# EXHIBIT   B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOYAL SOURCE GOVERNMENT SERVICES LLC, a Limited
Liability Company, and Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISMAEL ORTEGA, an individual, on behalf of himself and on behalf of
all persons similarly situated,

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

02/14/2020 at 10:49:28 AM

Clerk of the Superior Court
By Iris Tellez, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *(Número del Caso):* 37-2020-00008677-CU-OE-CTL |

Central
330 W. Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal   (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

| DATE: *(Fecha)* 02/18/2020 | Clerk, by *(Secretario)* D. Tellez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   LOYAL SOURCE GOVERNMENT SERVICES LLC

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*  4/9/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

**EXHIBIT B**
**PAGE 46**

# EXHIBIT   C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO. (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name)* Plaintiff Ismael Ortega | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/14/2020** at 10:49:26 AM<br><br>Clerk of the Superior Court<br>By Iris Tellez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS 330 W. Broadway
MAILING ADDRESS 330 W. Broadway
CITY AND ZIP CODE San Diego 92101
BRANCH NAME CENTRAL

CASE NAME:
ISMAEL ORTEGA v. LOYAL SOURCE GOVERNMENT SERVICES LLC

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2020-00008677-CU-OE-CTL |
|---|---|---|
| | | JUDGE: Judge John S. Meyer<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 14, 2020

Norman Blumenthal
(TYPE OR PRINT NAME)

▶ /s/ Norman Blumenthal
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

CIVIL CASE COVER SHEET
**EXHIBIT C**
**PAGE 47**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

**EXHIBIT   D**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7064 | |

PLAINTIFF(S) / PETITIONER(S): Ismael Ortega

DEFENDANT(S) / RESPONDENT(S): Loyal Source Government Services LLC

ORTEGA VS LOYAL SOURCE GOVERNMENT SERVICES LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2020-00008677-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: John S. Meyer                                          Department: C-64

**COMPLAINT/PETITION FILED:** 02/14/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/21/2020 | 09:30 am | C-64 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)                                                                     Page: 1

NOTICE OF CASE ASSIGNMENT
**EXHIBIT D**
**PAGE 48**

**EXHIBIT   E**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827 | |
| BRANCH NAME:  Central | |

| PLAINTIFF(S):  Ismael Ortega |
|---|
| DEFENDANT(S):  Loyal Source Government Services LLC |
| SHORT TITLE:  ORTEGA VS LOYAL SOURCE GOVERNMENT SERVICES LLC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2020-00008677-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                        Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                      ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____                _____
Name of Plaintiff                                             Name of Defendant

_____                _____
Signature                                                        Signature

_____                _____
Name of Plaintiff's Attorney                              Name of Defendant's Attorney

_____                _____
Signature                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  02/18/2020                                          _____
                                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00008677-CU-OE-CTL      CASE TITLE: Ortega vs Loyal Source Government Services LLC [IMAG

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT E

PAGE 50

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration**: The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT E
PAGE 51

# EXHIBIT  F

Kevin Harlow (Bar No. 265565)
kevin.harlow@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Tel:    619.699.2700

*Attorneys for Defendant*
LOYAL SOURCE GOVERNMENT SERVICES LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| ISMAEL ORTEGA, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LOYAL SOURCE GOVERNMENT SERVICES LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 37-2020-00008677-CU-OE-CTL<br><br>Judge:   Hon. John S. Meyer<br>Dept.:   C-64<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>**[IMAGED]** |

Defendant Loyal Source Government Services LLC ("Defendant") hereby answers the Complaint of Plaintiff Ismael Ortega ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint. Without limiting the generality of the foregoing, Defendant also denies, generally and specifically, that Plaintiff, and anyone Plaintiff seeks to represent, has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

### AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendant alleges the following additional defenses.

1

**EXHIBIT  F**
**PAGE 52**

1  Defendant reserves the right to amend its Answer to include defenses that are not known to it at this

2  time. In asserting these defenses, Defendant does not assume the burden of proof as to any matters

3  that, pursuant to law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

**(Federal Enclave Doctrine)**

6  Plaintiff's Complaint is barred, in whole or in part, by the Federal Enclave Doctrine, as

7  Plaintiff (and many or all of the putative class members) worked on a federal enclave.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

10  Plaintiff's Complaint, and each cause of action therein, is barred to the extent Plaintiff seeks

11  relief for conduct occurring outside the applicable statutes of limitations, Cal. Civ. Code §§ 337,

12  338, 339, 340, Cal. Labor Code § 2699, and/or Cal Bus. & Prof. Code § 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

15  Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the

16  doctrine of waiver, as a result of the conduct, representations, and omissions of Plaintiff, and anyone

17  he seeks to represent, that, in turn, caused the alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

20  As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

21  in whole or in part, by the doctrine of equitable estoppel, as a result of the conduct, representations,

22  and omissions of Plaintiff, and anyone he seeks to represent, that, in turn, caused the alleged

23  damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing – PAGA)**

26  Plaintiff's cause of action for alleged violations of the Private Attorneys General Act of

27  2004, Labor Code section 2698 *et seq*. ("PAGA") is barred because Plaintiff does not qualify as

28  an "aggrieved employee" within the meaning of PAGA.

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate Damages)**

3

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

4

in whole or in part, on the ground that by exercise of reasonable efforts, Plaintiff, and anyone he

5

seeks to represent, could have mitigated the amount of damages allegedly suffered.

6

**SEVENTH AFFIRMATIVE DEFENSE**

7

**(Unclean Hands)**

8

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

9

in whole or in part, by the doctrine of unclean hands, as a result of the acts and omissions of Plaintiff,

10

and anyone he seeks to represent, that were unethical and, in turn, caused the alleged damages.

11

**EIGHTH AFFIRMATIVE DEFENSE**

12

**(Consent)**

13

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

14

in whole or in part, because Defendant acted with the express or implied consent of Plaintiff, and

15

anyone he seeks to represent, in connection with the alleged wrongful acts set forth in the Complaint.

16

**NINTH AFFIRMATIVE DEFENSE**

17

**(Conduct Not "Unlawful")**

18

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

19

in whole or in part, on the grounds that Defendant was and is in compliance with all statutes,

20

regulations, and other laws in effect at the time of the conduct that allegedly gave rise to the claims

21

by Plaintiff and anyone he seeks to represent, and Defendant relied in good-faith upon the

22

interpretations and guidance provided by the relevant government agencies.

23

**TENTH AFFIRMATIVE DEFENSE**

24

**(Justification and Privilege)**

25

The Complaint, and each of the purported causes of action asserted therein, are barred, in

26

whole or in part, because at all times Defendant's conduct was privileged by virtue of being

27

approved, allowed and/or sanctioned by federal law and/or federal governmental agencies.

28

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute Over Wages Owed)**

As to Plaintiff's causes of action for failure to pay wages when due and for inaccurate wage statements, Plaintiff's claims are barred, in whole or in part, because Defendant had a good faith and reasonable belief that Plaintiff, and anyone he seeks to represent, was not owed any additional wages during employment or at the time of separation.  Defendant, therefore, did not engage in the requisite willful conduct under California Labor Code Section 203 and did not engage in the knowing and intentional conduct required under California Labor Code Section 226.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiff's state law wage claims are preempted as applied to an employee working for a federal government contractor operating under a federal contract on federal land.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

As to Plaintiff's Complaint, and each cause of action therein, even if the injuries and/or damages alleged occurred, such injuries were proximately caused by and/or were contributed to by the acts or failures to act of Plaintiff and anyone he seeks to represent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Employer Directives – California Labor Code § 2856)**

As to Plaintiff's Complaint and each cause of action alleged therein, Plaintiff's claims, are barred, in whole or in part, to the extent that Plaintiff, and anyone he seeks to represent, failed to substantially comply with all the directions of Defendant, and such failure proximately caused the alleged losses.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, as a result of the acts and omissions of Plaintiff,

1   and anyone he seeks to represent, that make them equally, if not more, at fault for the alleged

2   damages.

3   **SIXTEENTH AFFIRMATIVE DEFENSE**

4   (***De Minimis***)

5   As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

6   in whole or in part, to the extent Plaintiff, and anyone he seeks to represent, seeks compensation for

7   time or expenses, which, even if in fact worked or incurred, were *de minimis* and therefore not

8   recoverable.

9   **SEVENTEENTH AFFIRMATIVE DEFENSE**

10  **(Unconstitutional Delegation of Authority)**

11  Plaintiff's violation of PAGA cause of action is barred because the delegation of authority

12  to a private party to seek statutory penalties on behalf of the State is an unconstitutional delegation

13  of executive and/or legislative power and authority.

14  **EIGHTEENTH AFFIRMATIVE DEFENSE**

15  **(No Derivative Claims)**

16  As to Plaintiff's causes of action for failure to pay wages when due and for inaccurate

17  wage statements, Plaintiff's claims are barred, in whole or in part, because "derivative" claims

18  under these statutes are barred, at least partially, as a matter of law.

19  **NINETEENTH AFFIRMATIVE DEFENSE**

20  **(No Equitable Relief)**

21  Plaintiff is not entitled to equitable relief because he has failed to avail himself of or exhaust

22  plain, adequate or complete remedies of laws available to him under the provisions of applicable

23  state or federal law.

24  **TWENTIETH AFFIRMATIVE DEFENSE**

25  **(No Unlawful Penalties)**

26  Plaintiff's causes of action under PAGA and for failure to provide accurate itemized wage

27  statements are barred because the penalties he seeks would result in an award that is unjust,

28  arbitrary, oppressive, or confiscatory based on the facts and circumstances of this case.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Exclusions from Regular Rate)**

To the extent Plaintiff's claims are based upon Defendant's alleged failure to properly calculate the "regular rate," the claims are barred, in whole or in part, because the amounts which Plaintiff contends should have been included were "discretionary" payments that were not required to be included; constituted fringe benefits that were not required to be included; or were otherwise permissibly excluded from the "regular rate" under applicable law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Defendant Provided Meal and Rest Periods)**

Defendant at all times authorized and permitted Plaintiff and the putative class members to take meal and rest breaks.  To the extent Plaintiff or any of the putative class members failed to do so, it was of their own accord, and therefore, claims for failure to provide meal and rest periods are barred.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiff's Complaint, and each cause of action therein, is barred because the prosecution of this action as a representative action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and the Constitution and laws of the State of California.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's violation of PAGA cause of action is barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies, including by failing to send a notice to the Labor and Workforce Development Agency that complies with California Labor Code section 2699.3(a)(1).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Class Certification Requirements)**

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be

1 | properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish,

2 | the necessary procedural elements for class treatment; (2) a class action is not an appropriate method

3 | for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues

4 | of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's

5 | claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper

6 | class representative; (6) Plaintiff cannot satisfy any of the requirements for class action treatment,

7 | and class action treatment is neither appropriate nor constitutional; (7) there is not a well-defined

8 | community of interest in the law or in fact affecting Plaintiff and the members of the alleged putative

9 | class; and (8) the alleged putative class is not ascertainable, nor are its members identifiable.

10 | ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

11 | **(Affirmative Defenses to Class Members)**

12 | Defendant opposes class certification and the propriety of class treatment.  If the Court

13 | certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative

14 | defenses set forth herein against each and every member of the certified class.

15 | ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16 | **(No Non-Class Representative Actions)**

17 | Plaintiff's violation of PAGA cause of action is barred to the extent Plaintiff seeks to proceed

18 | as a representative without satisfying the prerequisites to class certification.   Such non-class

19 | representative actions are contrary to the PAGA statute, are unconstitutional, and constitute a denial

20 | of Due Process.

21 | ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22 | **(Excessive Fines Clause)**

23 | Plaintiff's claims are barred, in whole or in part, because the damages Plaintiff seeks on

24 | behalf of himself and other class members violate the Excessive Fines clause and are

25 | unconstitutional.

26 | ### TWENTY-NINTH AFFIRMATIVE DEFENSE

27 | **(No Prejudgment Interest)**

28 | As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled

1 | to prejudgment interest in this matter because he is not entitled to recover any damages giving rise
2 | to such interest or any damages at all.  Cal. Civ. Code § 3287.

3 | **THIRTIETH AFFIRMATIVE DEFENSE**
4 | **(No Recovery of Non-Restitutionary Damages)**

5 | Plaintiff's unfair competition claim is barred, in whole or in part, because the amounts he
6 | seeks to recover are not "restitutionary" in nature and thus cannot be recovered under the UCL.  In
7 | particular, the premium pay that Plaintiff seeks to recover for alleged meal and rest period
8 | violations is not restitutionary.

9 | **THIRTY-FIRST AFFIRMATIVE DEFENSE**
10 | **(No UCL Standing)**

11 | Plaintiff's unfair competition claim is barred because Plaintiff and members of the purported
12 | class, as private litigants, lack standing to bring a cause of action for damages under California
13 | Business and Professions Code section 17203 because they have not suffered "an injury in fact" and
14 | cannot show they "have lost money or property as a result of the unfair competition."

15 | **THIRTY-SECOND AFFIRMATIVE DEFENSE**
16 | **(Reservation of Defenses)**

17 | Defendant currently does not have sufficient knowledge or information on which to form a
18 | belief as to whether it may have additional, as yet unstated, defenses available.  To the extent not
19 | set forth herein, Defendant reserves the right to assert additional defenses that become available or
20 | apparent during discovery and to amend its Answer accordingly.

21 | **PRAYER**

22 | WHEREFORE, Defendant prays this Court for judgment as follows:

23 | 1.      That the Court deny class certification in this matter and refuse to permit this action
24 | to proceed as a representative action;

25 | 2.      That Plaintiff takes nothing by reason of his Amended Complaint, that the
26 | Amended Complaint be dismissed in its entirety with prejudice, and that judgment be entered for
27 | Defendant;

28 | 3.      That Defendant be awarded its reasonable costs and attorneys' fees; and

1         4.       That Defendant be awarded such other and further relief as the Court deems just

2 and proper.

3

4    Dated: May 11, 2020              DLA PIPER LLP (US)

5

6                            By: _____

7                                Kevin Harlow

8                                Attorneys for Defendant,
                               LOYAL SOURCE GOVERNMENT SERVICES LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT  F**

**PAGE 60**

1  Kevin Harlow (Bar No. 265565)
   *kevin.harlow@dlapiper.com*
2  **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
3  San Diego, CA 92101
   Tel:    619.699.2700
4

5  *Attorneys for Defendant*
   LOYAL SOURCE GOVERNMENT SERVICES LLC
6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN DIEGO

10 | ISMAEL ORTEGA, an individual, on behalf | CASE NO. 37-2020-00008677-CU-OE-CTL
   | of himself and on behalf of all persons |
11 | similarly situated, | Judge:   Hon. John S. Meyer
   | | Dept.:   C-64
12 |                    Plaintiff, |
   | | **PROOF OF SERVICE**
13 | v. |
   | | **[IMAGED]**
14 | LOYAL SOURCE GOVERNMENT |
   | SERVICES LLC, a limited liability company; |
15 | and DOES 1 through 50, inclusive, |
16 |                    Defendants. |

17

18        I, the undersigned, certify and declare that I am a resident of the United States, over 18

19 years of age and am not a party to the within action.  My business address is 401 B Street, Suite

20 1700, San Diego, CA 92101.

21        On May 11, 2020, I served the following document(s) described as:

22        **DEFENDANT'S ANSWER TO COMPLAINT**

23 by providing a true and correct copy of the aforementioned document(s) on the interested parties

24 in this action and by the means designated below:

25 Norman B. Blumenthal
   norm@bamlawca.com
26 Kyle R. Nordrehaug
   kyle@bamlawca.com
27 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
   2255 Calle Clara
28 La Jolla, CA 92037

EAST\174124805.1                           - 1 -

1

**BY ELECTRONIC SERVICE** – [CCP § 1010.6] [CRC 2060(c)] By the filing of the aforementioned document(s) with the clerk of this court, through the designated E-File Service Provider, One Legal. One Legal will send email notification of the filing to the parties and their counsel of record who are registered with the court's E-File Service Provider at email address(es) provided to the court.

2

3

4

I declare under penalty of perjury under the laws of the State of California that the above is

5

true and correct.

6

Executed on May 11, 2020 at San Diego, California.

7

8

Maria E. Valentino

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  F

PAGE 62

# EXHIBIT 1

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **IN AND FOR THE COUNTY OF SAN DIEGO**

10
   ISMAEL ORTEGA, an individual, on          Case No. **37-2020-00008677-CU-OE-CTL**
11 behalf of himself and on behalf of all
   persons similarly situated,                **FIRST AMENDED CLASS ACTION**
12                                            **COMPLAINT FOR:**
                   Plaintiff,                 1. UNFAIR COMPETITION IN VIOLATION
13                                            OF CAL. BUS. & PROF. CODE §§ 17200, *et*
   vs.                                        *seq.*;
14                                            2. FAILURE TO PAY OVERTIME WAGES IN
   LOYAL SOURCE GOVERNMENT                    VIOLATION OF CAL. LAB. CODE §§ 510, *et*
15 SERVICES LLC, a Limited Liability          *seq.*;
   Company; and Does 1 through 50,            3. FAILURE TO PAY MINIMUM WAGES IN
16 Inclusive;                                 VIOLATION OF CAL. LAB. CODE §§ 1194,
                                              1197 & 1197.1;
17                 Defendants.                4. FAILURE TO PROVIDE REQUIRED MEAL
                                              PERIODS IN VIOLATION OF CAL. LAB.
18                                            CODE §§ 226.7 & 512 AND THE APPLICABLE
                                              IWC WAGE ORDER;
19                                            5. FAILURE TO PROVIDE REQUIRED REST
                                              PERIODS IN VIOLATION OF CAL. LAB.
20                                            CODE §§ 226.7 & 512 AND THE APPLICABLE
                                              IWC WAGE ORDER;
21                                            6. FAILURE TO PROVIDE ACCURATE
                                              ITEMIZED STATEMENTS IN VIOLATION OF
22                                            CAL. LAB. CODE § 226;
                                              7. FAILURE TO REIMBURSE EMPLOYEES
23                                            FOR REQUIRED EXPENSES IN VIOLATION
                                              OF CAL. LAB. CODE § 2802;
24                                            8. FAILURE TO PROVIDE WAGES WHEN
                                              DUE IN VIOLATION OF CAL. LAB. CODE §§
25                                            201, 202 AND 203; and,
                                              9. VIOLATION OF THE PRIVATE
26                                            ATTORNEYS GENERAL ACT [LABOR CODE
                                              §§ 2698, *et seq.*]
27                                            **DEMAND FOR A JURY TRIAL**

28                                      1
                        FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 1

1    Plaintiff Ismael Ortega ("PLAINTIFF"), an individual, on behalf of himself and all other

2    similarly situated current and former employees, alleges on information and belief, except for

3    his own acts and knowledge which are based on personal knowledge, the following:

4

5                                **THE PARTIES**

6        1.      Defendant Loyal Source Government Services LLC ("DEFENDANT") is a

7    limited liability company that at all relevant times mentioned herein conducted and continues

8    to conduct substantial and regular business throughout California.

9        2.      DEFENDANT is a staffing company that offers health care, human resources, IT

10   and engineering services.

11       3.      PLAINTIFF was employed by DEFENDANT in California as a non-exempt

12   employee entitled to overtime pay and meal and rest periods from June of 2019 to December

13   of 2019. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT

14   as a non-exempt employee paid in whole or in part on an hourly basis and received additional

15   compensation from DEFENDANT in the form of non-discretionary incentive wages, including,

16   but not limited to, performance bonus wages

17       4.      PLAINTIFF brings this Class Action on behalf of himself and a California class,

18   defined as all individuals who are or previously were employed by DEFENDANT in California

19   and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

20   period beginning on the date  four (4) years prior to the filing of this Complaint and ending on

21   the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

22   controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

23   dollars ($5,000,000.00).

24       5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

25   CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

26   the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which

27   failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's

28

1  policy and practice alleged herein is an unlawful, unfair and deceptive business practice
2  whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other
3  members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the
4  CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the
5  future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS
6  who have been economically injured by DEFENDANT's past and current unlawful conduct,
7  and all other appropriate legal and equitable relief.

8        6.      The true names and capacities, whether individual, corporate, subsidiary,
9  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
10  unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant
11  to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege
12  the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.
13  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that
14  the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are
15  responsible in some manner for one or more of the events and happenings that proximately
16  caused the injuries and damages hereinafter alleged.

17        7.      The agents, servants and/or employees of the Defendants and each of them acting
18  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
19  agent, servant and/or employee of the Defendants, and personally participated in the conduct
20  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
21  Consequently, the acts of each Defendant are legally attributable to the other Defendants and
22  all Defendants are jointly and severally liable to PLAINTIFF and the other members of the
23  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
24  Defendants' agents, servants and/or employees.

25  / / /
26  / / /
27  / / /
28

3
FIRST AMENDED CLASS ACTION COMPLAINT
**EXHIBIT  1**
**PAGE 3**

1

**THE CONDUCT**

2          8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

3   to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

4   CLASS for their minimum and overtime wages.  DEFENDANT unlawfully and unilaterally

5   failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFF and

6   other members of the CALIFORNIA CLASS in order to avoid paying these employees the

7   correct compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA

8   CLASS forfeited wages due them for working without compensation at the correct minimum

9   wage and overtime rates.  DEFENDANT's policy and practice to not pay the members of the

10  CALIFORNIA CLASS the correct compensation for all time worked in accordance with

11  applicable law is evidenced by DEFENDANT's business records.  This policy and practice of

12  DEFENDANT was intended to purposefully avoid the payment of the correct compensation as

13  required by California law which allowed DEFENDANT to illegally profit and gain an unfair

14  advantage over competitors who complied with the law.

15         9.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

16  record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

17  of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders,

18  DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

19  all time worked, meaning the time during which an employee was subject to the control of an

20  employer, including all the time the employee was permitted or suffered to permit this work.

21  DEFENDANT required these employees to work off the clock without paying them for all the

22  time they were under DEFENDANT's control.   Specifically, DEFENDANT required

23  PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty

24  meal break.  PLAINTIFF was from time to time interrupted by work assignments.  Indeed there

25  were days where PLAINTIFF did not even receive a partial lunch.  As a result, PLAINTIFF and

26  other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation

27  by working without their time being accurately recorded and without compensation at the

28

4

1  applicable minimum wage and overtime rates. To the extent that the time worked off the clock

2  did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages

3  for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

4        10.     State and federal law provides that employees must be paid overtime at one-and-

5  one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS

6  Members were compensated at an hourly rate plus incentive pay that was tied to specific

7  elements of an employee's performance.

8        11.     The second component of PLAINTIFF's and other CALIFORNIA CLASS

9  Members' compensation was DEFENDANT's non-discretionary incentive program that paid

10  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

11  performance for DEFENDANT. The non-discretionary incentive program provided all

12  employees paid on an hourly basis with incentive compensation when the employees met the

13  various performance goals set by DEFENDANT. However, when calculating the regular rate

14  of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

15  DEFENDANT failed to include the incentive compensation as part of the employees' "regular

16  rate of pay" for purposes of calculating overtime pay. Management and supervisors described

17  the incentive program to potential and new employees as part of the compensation package. As

18  a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

19  CLASS Members must be included in the "regular rate of pay." The failure to do so has

20  resulted in a underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA

21  CLASS Members by DEFENDANT.

22        12.     In violation of the applicable sections of the California Labor Code and the

23  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT

24  intentionally and knowingly failed to compensate PLAINTIFF and the other members of the

25  CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This policy and

26  practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime

27  compensation as required by California law which allowed DEFENDANT to illegally profit and

28

5

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 5**

1   gain an unfair advantage over competitors who complied with the law.  To the extent equitable

2   tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

3   CALIFORNIA CLASS PERIOD should be adjusted accordingly.

4           13.    As a result of their rigorous work schedules, PLAINTIFF and other

5   CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks

6   and were not fully relieved of duty for meal periods.  PLAINTIFF and other CALIFORNIA

7   CLASS Members were from time to time required to perform work as ordered by

8   DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

9   break.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS

10  Members with a second off-duty meal period from time to time in which these employees were

11  required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other

12  CALIFORNIA CLASS Members therefore forfeited meal breaks without additional

13  compensation and in accordance with DEFENDANT's corporate policy and practice.

14          14.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

15  CALIFORNIA CLASS Members were from time to time also required to work in excess of four

16  (4) hours without being provided ten (10) minute rest periods.  Further, these employees were

17  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

18  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

19  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at

20  least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.

21  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour

22  wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other

23  CALIFORNIA CLASS Members were periodically denied their proper rest periods by

24  DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage

25  Order requires employers to provide employees with off-duty rest periods, which the California

26  Supreme Court defined as time during which an employee is relieved from all work related

27  duties and free from employer control.  In so doing, the Court held that the requirement under

28

FIRST AMENDED CLASS ACTION COMPLAINT
**EXHIBIT  1**
**PAGE 6**

1   California law that employers authorize and permit all employees to take rest period means that

2   employers must relieve employees of all duties and relinquish control over how employees

3   spend their time which includes control over the locations where employees may take their rest

4   period. Employers cannot impose controls that prohibit an employee from taking a brief walk -

5   five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and

6   other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on

7   Defendant's rule which stated PLAINTIFF and other CALIFORNIA CLASS Members could

8   not leave the work premises during their rest period.

9        15.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

10  employees with an accurate itemized wage statement in writing showing, among other things,

11  gross wages earned and all applicable hourly rates in effect during the pay period and the

12  corresponding amount of time worked at each hourly rate. DEFENDANT from time to time

13  failed to provide to PLAINTIFF and the CALIFORNIA CLASS wage statements that identify

14  the correct gross and net wages earned, the applicable number of hours worked and rates of pay.

15  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to

16  PLAINTIFF and other CALIFORNIA CLASS members an itemized wage statement that lists

17  all the requirements under California Labor Code 226 *et seq*.

18       16.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify

19  PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

20  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence

21  of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section

22  2802, employers are required to indemnify employees for all expenses incurred in the course

23  and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall

24  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

25  in direct consequence of the discharge of his or her duties, or of his or her obedience to the

26  directions of the employer, even though unlawful, unless the employee, at the time of obeying

27  the directions, believed them to be unlawful."

28

17.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones to for work related issues. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

18.    By reason of this conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

19.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components. One component of PLAINTIFF's compensation was a base hourly wage. The second component of PLAINTIFF's compensation were non-discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF met certain predefined performance requirements. PLAINTIFF met DEFENDANT's

1  predefined eligibility performance requirements in various pay periods throughout his
2  employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary
3  incentive wages.   During these pay periods in which PLAINTIFF was paid the non-
4  discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for
5  DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's
6  regular rate of pay for the purposes of calculating what should have been PLAINTIFF's
7  accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his
8  employment with DEFENDANT.   The incentive compensation paid by DEFENDANT
9  constituted wages within the meaning of the California Labor Code and thereby should have
10 been part of PLAINTIFF's "regular rate of pay." PLAINTIFF was also from time to time
11 unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal
12 periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than
13 five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT
14 failed to provide PLAINTIFF with a second off-duty meal period from time to time in which
15 he was required by DEFENDANT to work ten (10) hours of work.   PLAINTIFF therefore
16 forfeited meal and rest breaks without additional compensation and in accordance with
17 DEFENDANT's corporate policy and practice. DEFENDANT also provided PLAINTIFF with
18 a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and
19 payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code
20 § 226(a). To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation
21 still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203.   The amount
22 in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.
23
24                              **JURISDICTION AND VENUE**
25        20.    This Court has jurisdiction over this Action pursuant to California Code of Civil
26 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This
27 action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees
28

1 | of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

2 |     21.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

3 | Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

4 | maintained offices and facilities in this County and/or conducts substantial business in this

5 | County, and (ii) committed the wrongful conduct herein alleged in this County against members

6 | of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

7 |

8 | **THE CALIFORNIA CLASS**

9 |     22.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

10 | Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

11 | Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

12 | all individuals who are or previously were employed by DEFENDANT in California and

13 | classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

14 | period beginning on the date four (4) years prior to the filing of this Complaint and ending on

15 | the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

16 | controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

17 | dollars ($5,000,000.00).

18 |     23.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

19 | CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

20 | accordingly.

21 |     24.    The California Legislature has commanded that "all wages... ...earned by any

22 | person in any employment are due and payable twice during each calendar month, on days

23 | designated in advance by the employer as the regular paydays", and further that "[a]ny work

24 | in excess of eight hours in one workday and any work in excess of 40 hours in any one

25 | workweek . . . shall be compensated at the rate of no less than one and one-half times the

26 | regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare

27 | Commission (IWC), however, is statutorily authorized to "establish exemptions from the

28 |

1   requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

2   professional employees, provided [inter alia] that the employee is primarily engaged in duties

3   that meet the test of the exemption, [and] customarily and regularly exercises discretion and

4   independent judgment in performing those duties..." (Lab. Code § 510(a).)  Neither the

5   PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

6   LABOR SUB-CLASS qualify for exemption from the above requirements.

7        25.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

8   Commission ("IWC") Wage Order requirements, and the applicable provisions of California

9   law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed

10  to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF

11  and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the

12  benefit of this work, required employees to perform this work and permitted or suffered to

13  permit this overtime work.

14       26.    DEFENDANT has the legal burden to establish that each and every

15  CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to

16  accurately calculate the "regular rate of pay" by including the incentive compensation that

17  PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.

18  DEFENDANT, however, as a matter of policy and procedure failed to have in place during the

19  CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure

20  that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all

21  overtime worked, so as to satisfy their burden.  This common business practice applicable to

22  each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as

23  unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*.

24  (the "UCL") as causation, damages, and reliance are not elements of this claim.

25       27.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

26  any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

27  employee for all overtime worked at the applicable rate, as required by California Labor Code

28

1    §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the

2    overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

3    as to include all earnings in the overtime compensation calculation as required by California

4    Labor Code §§ 510, *et seq.*

5         28.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

6    CLASS Members is impracticable.

7         29.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California

8    law by:

9              (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

10                    §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

11                    place company policies, practices and procedures that failed to pay all

12                    minimum and overtime wages due the CALIFORNIA CLASS for all time

13                    worked, and failed to accurately record the applicable rates of all overtime

14                    worked by the CALIFORNIA CLASS;

15             (b)    Committing an act of unfair competition in violation of the California

16                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

17                    unlawfully, unfairly, and/or deceptively having in place a company policy,

18                    practice and procedure that failed to correctly calculate overtime

19                    compensation due to PLAINTIFF and the members of the CALIFORNIA

20                    CLASS;

21             (c)    Committing an act of unfair competition in violation of the California

22                    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

23                    violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

24                    *seq.*, by failing to pay the correct federal overtime wages to the

25                    PLAINTIFF and the members of the CALIFORNIA CLASS as legally

26                    required by the FLSA, and retaining the unpaid federal overtime to the

27                    benefit of DEFENDANT.;

28

12

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT  1**

**PAGE 12**

(d)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members; and,

(e)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

30.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the employment practices of DEFENDANT and was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a

13

1        result of DEFENDANT's employment practices.  PLAINTIFF and the

2        members of the CALIFORNIA CLASS were and are similarly or

3        identically harmed by the same unlawful, deceptive and unfair

4        misconduct engaged in by DEFENDANT; and,

5    (d)  The representative PLAINTIFF will fairly and adequately represent and

6        protect the interest of the CALIFORNIA CLASS, and has retained

7        counsel who are competent and experienced in Class Action litigation.

8        There are no material conflicts between the claims of the representative

9        PLAINTIFF and the members of the CALIFORNIA CLASS that would

10       make class certification inappropriate.  Counsel for the CALIFORNIA

11       CLASS will vigorously assert the claims of all CALIFORNIA CLASS

12       Members.

13   31.  In addition to meeting the statutory prerequisites to a Class Action, this action

14   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

15       (a)  Without class certification and determination of declaratory, injunctive,

16            statutory and other legal questions within the class format, prosecution of

17            separate actions by individual members of the CALIFORNIA CLASS will

18            create the risk of:

19            1)  Inconsistent or varying adjudications with respect to individual

20                members of the CALIFORNIA CLASS which would establish

21                incompatible standards of conduct for the parties opposing the

22                CALIFORNIA CLASS; and/or,

23            2)  Adjudication with respect to individual members of the

24                CALIFORNIA CLASS which would as a practical matter be

25                dispositive of interests of the other members not party to the

26                adjudication or substantially impair or impede their ability to

27                protect their interests.

28

14

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 14**

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

     A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

     B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

32.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

     (a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are

16

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 16

1                 applied with respect to the CALIFORNIA CLASS;

2       (b)    A Class Action is superior to any other available method for the fair and

3                 efficient adjudication of the claims of the members of the CALIFORNIA

4                 CLASS because in the context of employment litigation a substantial

5                 number of individual CALIFORNIA CLASS Members will avoid

6                 asserting their rights individually out of fear of retaliation or adverse

7                 impact on their employment;

8       (c)    The members of the CALIFORNIA CLASS are so numerous that it is

9                 impractical to bring all members of the CALIFORNIA CLASS before the

10                Court;

11     (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

12               able to obtain effective and economic legal redress unless the action is

13               maintained as a Class Action;

14     (e)    There is a community of interest in obtaining appropriate legal and

15               equitable relief for the acts of unfair competition, statutory violations and

16               other improprieties, and in obtaining adequate compensation for the

17               damages and injuries which DEFENDANT's actions have inflicted upon

18               the CALIFORNIA CLASS;

19     (f)    There is a community of interest in ensuring that the combined assets of

20               DEFENDANT are sufficient to adequately compensate the members of

21               the CALIFORNIA CLASS for the injuries sustained;

22     (g)    DEFENDANT has acted or refused to act on grounds generally applicable

23               to the CALIFORNIA CLASS, thereby making final class-wide relief

24               appropriate with respect to the CALIFORNIA CLASS as a whole;

25     (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

26               the business records of DEFENDANT; and,

27     (i)    Class treatment provides manageable judicial treatment calculated to bring

28

17

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1<br>PAGE 17

1                   a efficient and rapid conclusion to all litigation of all wage and hour

2                   related claims arising out of the conduct of DEFENDANT as to the

3                   members of the CALIFORNIA CLASS.

4      33.    DEFENDANT maintains records from which the Court can ascertain and identify

5 by job title each of DEFENDANT's employees who as have been intentionally subjected to

6 DEFENDANT's conduct as herein alleged. PLAINTIFF will seek leave to amend the

7 Complaint to include any additional job titles of similarly situated employees when they have

8 been identified.

9

10 **THE CALIFORNIA LABOR SUB-CLASS**

11      34.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and

12 Eighth causes of Action on behalf of a California sub-class, defined as all members of the

13 CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR

14 SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the

15 filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA

16 LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in

17 controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under

18 five million dollars ($5,000,000.00).

19      35.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

20 Commission ("IWC") Wage Order requirements, and the applicable provisions of California

21 law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed

22 to correctly calculate overtime compensation for the overtime worked by PLAINTIFF and the

23 other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT

24 enjoyed the benefit of this work, required employees to perform this work and permitted or

25 suffered to permit this overtime work. DEFENDANT has denied these CALIFORNIA LABOR

26 SUB-CLASS Members overtime wages at the correct amount to which these employees are

27 entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable

28

1    tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against

2    DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted

3    accordingly.

4         36.    DEFENDANT maintains records from which the Court can ascertain and identify

5    by name and job title, each of DEFENDANT's employees who have been intentionally

6    subjected to DEFENDANT's conduct as herein alleged. PLAINTIFF will seek leave to amend

7    the complaint to include any additional job titles of similarly situated employees when they have

8    been identified.

9         37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

10   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

11        38.    Common questions of law and fact exist as to members of the CALIFORNIA

12   LABOR SUB-CLASS, including, but not limited, to the following:

13                    (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

14                           overtime compensation to members of the CALIFORNIA LABOR SUB-

15                           CLASS in violation of the California Labor Code and California

16                           regulations and the applicable California Wage Order;

17                    (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

18                           entitled to overtime compensation for overtime worked under the overtime

19                           pay requirements of California law;

20                    (c)    Whether DEFENDANT failed to accurately record the applicable

21                           overtime rates for all overtime worked PLAINTIFF and the other

22                           members of the CALIFORNIA LABOR SUB-CLASS;

23                    (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other

24                           members of the CALIFORNIA LABOR SUB-CLASS with legally

25                           required uninterrupted thirty (30) minute meal breaks and rest periods;

26                    (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other

27                           members of the CALIFORNIA LABOR SUB-CLASS with accurate

28
                                                19
                                 FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 19

1    itemized wage statements;

2    (f)    Whether DEFENDANT has engaged in unfair competition by the

3    above-listed conduct;

4    (g)    The proper measure of damages and penalties owed to the members of the

5    CALIFORNIA LABOR SUB-CLASS; and,

6    (h)    Whether DEFENDANT's conduct was willful.

7    39.    DEFENDANT failed to accurately calculate overtime compensation for the

8    CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the

9    applicable overtime rates for the overtime worked by these employees.  All of the

10    CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt

11    employees who were paid on an hourly basis by DEFENDANT according to company

12    procedures as alleged herein above.  This business practice was applied to each and every

13    member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this

14    conduct can be adjudicated on a class-wide basis.

15    40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

16    under California law by:

17    (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay

18    PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

19    CLASS the correct overtime pay for which DEFENDANT is liable

20    pursuant to Cal. Lab. Code § 1194 & § 1198;

21    (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

22    accurately pay PLAINTIFF and the members of the CALIFORNIA

23    LABOR SUB-CLASS the correct minimum wage pay for which

24    DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

25    (c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

26    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

27    CLASS with all legally required off-duty, uninterrupted thirty (30) minute

28    

20

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 20

1            meal breaks and the legally required rest breaks; and,

2        (d)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

3               members of the CALIFORNIA LABOR SUB-CLASS with an accurate

4               itemized statement in writing showing all accurate and applicable

5               overtime rates in effect during the pay period and the corresponding

6               amount of time worked at each overtime rate by the employee;

7        (e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

8               the CALIFORNIA LABOR SUB-CLASS members with necessary

9               expenses incurred in the discharge of their job duties; and,

10       (f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

11               when an employee is discharged or quits from employment, the employer

12               must pay the employee all wages due without abatement, by failing to

13               tender full payment and/or restitution of wages owed or in the manner

14               required by California law to the members of the CALIFORNIA LABOR

15               SUB-CLASS who have terminated their employment.

16    41.     This Class Action meets the statutory prerequisites for the maintenance of a Class

17 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

18        (a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

19               so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

20               Members is impracticable and the disposition of their claims as a class

21               will benefit the parties and the Court;

22        (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues

23               that are raised in this Complaint are common to the CALIFORNIA

24               LABOR SUB-CLASS and will apply to every member of the

25               CALIFORNIA LABOR SUB-CLASS;

26        (c)     The claims of the representative PLAINTIFF are typical of the claims of

27               each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

28

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 21

1    like all the other members of the CALIFORNIA LABOR SUB-CLASS,
2    was a non-exempt employee paid on an hourly basis and paid additional
3    non-discretionary incentive wages who was subjected to the
4    DEFENDANT's practice and policy which failed to pay the correct rate
5    of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for
6    all overtime worked.  PLAINTIFF sustained economic injury as a result
7    of DEFENDANT's employment practices.  PLAINTIFF and the members
8    of the CALIFORNIA LABOR SUB-CLASS were and are similarly or
9    identically harmed by the same unlawful, deceptive and unfair
10   misconduct engaged in by DEFENDANT; and,

11   (d)   The representative PLAINTIFF will fairly and adequately represent and
12         protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has
13         retained counsel who are competent and experienced in Class Action
14         litigation.  There are no material conflicts between the claims of the
15         representative PLAINTIFF and the members of the CALIFORNIA
16         LABOR SUB-CLASS that would make class certification inappropriate.
17         Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously
18         assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

19   42.   In addition to meeting the statutory prerequisites to a Class Action, this action is
20   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21   (a)   Without class certification and determination of declaratory, injunctive,
22         statutory and other legal questions within the class format, prosecution of
23         separate actions by individual members of the CALIFORNIA LABOR
24         SUB-CLASS will create the risk of:

25         1)   Inconsistent or varying adjudications with respect to individual
26              members of the CALIFORNIA LABOR SUB-CLASS which
27              would establish incompatible standards of conduct for the parties

28

22
FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 22**

opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

23
FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 23

1              2)      Class certification will obviate the need for unduly duplicative

2                      litigation that would create the risk of:

3                      A.     Inconsistent or varying adjudications with respect to

4                              individual members of the CALIFORNIA LABOR SUB-

5                              CLASS, which would establish incompatible standards of

6                              conduct for the DEFENDANT; and/or,

7                      B.     Adjudications with respect to individual members of the

8                              CALIFORNIA LABOR SUB-CLASS would as a practical

9                            matter be dispositive of the interests of the other members

10                            not parties to the adjudication or substantially impair or

11                            impede their ability to protect their interests;

12               3)      In the context of wage litigation because a substantial number of

13                      individual CALIFORNIA LABOR SUB-CLASS Members will

14                      avoid asserting their legal rights out of fear of retaliation by

15                      DEFENDANT, which may adversely affect an individual's job

16                      with DEFENDANT or with a subsequent employer, the Class

17                      Action is the only means to assert their claims through a

18                      representative; and,

19               4)      A class action is superior to other available methods for the fair

20                      and efficient adjudication of this litigation because class treatment

21                      will obviate the need for unduly and unnecessary duplicative

22                      litigation that is likely to result in the absence of certification of

23                      this action pursuant to Cal. Code of Civ. Proc. § 382.

24       43.    This Court should permit this action to be maintained as a Class Action pursuant

25  to Cal. Code of Civ. Proc. § 382 because:

26              (a)    The questions of law and fact common to the CALIFORNIA LABOR

27                    SUB-CLASS predominate over any question affecting only individual

28

24

|   |   |   |
|---|---|---|
| 1 |     | CALIFORNIA LABOR SUB-CLASS Members; |
| 2 | (b) | A Class Action is superior to any other available method for the fair and |
| 3 |     | efficient adjudication of the claims of the members of the CALIFORNIA |
| 4 |     | LABOR SUB-CLASS because in the context of employment litigation a |
| 5 |     | substantial number of individual CALIFORNIA LABOR SUB-CLASS |
| 6 |     | Members will avoid asserting their rights individually out of fear of |
| 7 |     | retaliation or adverse impact on their employment; |
| 8 | (c) | The members of the CALIFORNIA LABOR SUB-CLASS are so |
| 9 |     | numerous that it is impractical to bring all members of the CALIFORNIA |
| 10 |     | LABOR SUB-CLASS before the Court; |
| 11 | (d) | PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS |
| 12 |     | Members, will not be able to obtain effective and economic legal redress |
| 13 |     | unless the action is maintained as a Class Action; |
| 14 | (e) | There is a community of interest in obtaining appropriate legal and |
| 15 |     | equitable relief for the acts of unfair competition, statutory violations and |
| 16 |     | other improprieties, and in obtaining adequate compensation for the |
| 17 |     | damages and injuries which DEFENDANT's actions have inflicted upon |
| 18 |     | the CALIFORNIA LABOR SUB-CLASS; |
| 19 | (f) | There is a community of interest in ensuring that the combined assets of |
| 20 |     | DEFENDANT are sufficient to adequately compensate the members of |
| 21 |     | the CALIFORNIA LABOR SUB-CLASS for the injuries sustained; |
| 22 | (g) | DEFENDANT has acted or refused to act on grounds generally applicable |
| 23 |     | to the CALIFORNIA LABOR SUB-CLASS, thereby making final class- |
| 24 |     | wide relief appropriate with respect to the CALIFORNIA LABOR SUB- |
| 25 |     | CLASS as a whole; |
| 26 | (h) | The members of the CALIFORNIA LABOR SUB-CLASS are readily |
| 27 |     | ascertainable from the business records of DEFENDANT. The |
| 28 |     |  |

25

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 25**

1               CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

2               CLASS Members classified as non-exempt employees during the

3               CALIFORNIA LABOR SUB-CLASS PERIOD; and,

4       (i)      Class treatment provides manageable judicial treatment calculated to bring

5               a efficient and rapid conclusion to all litigation of all wage and hour

6               related claims arising out of the conduct of DEFENDANT as to the

7               members of the CALIFORNIA LABOR SUB-CLASS.

8

9                          **FIRST CAUSE OF ACTION**

10                     **For Unlawful Business Practices**

11             **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

12      **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

13         44.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

14 incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

15 Complaint.

16         45.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

17 Code § 17021.

18         46.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

19 unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

20 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

21 competition as follows:

22         Any person who engages, has engaged, or proposes to engage in unfair
competition may be enjoined in any court of competent jurisdiction. The court

23         may make such orders or judgments, including the appointment of a receiver, as
may be necessary to prevent the use or employment by any person of any practice

24         which constitutes unfair competition, as defined in this chapter, or as may be
necessary to restore to any person in interest any money or property, real or

25         personal, which may have been acquired by means of such unfair competition.

26 Cal. Bus. & Prof. Code § 17203.

27         47.     By the conduct alleged herein, DEFENDANT has engaged and continues to

28                            26

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT  1**

**PAGE 26**

1  engage in a business practice which violates California law, including but not limited to, the

2  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

3  including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, The Fair Labor

4  Standards Act and federal regulations promulgated thereunder,  for which this Court should

5  issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may

6  be necessary to prevent and remedy the conduct held to constitute unfair competition, including

7  restitution of wages wrongfully withheld.

8      48.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

9  unfair in that these practices violated public policy, were immoral, unethical, oppressive,

10  unscrupulous or substantially injurious to employees, and were without valid justification or

11  utility for which this Court should issue equitable and injunctive relief pursuant to Section

12  17203 of the California Business & Professions Code, including restitution of wages wrongfully

13  withheld.

14      49.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

15  fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFF, and other

16  members of the CALIFORNIA CLASS, minimum and overtime wages for all time worked,

17  failed to accurately to record the applicable rate of all overtime worked, failed to pay reporting

18  time wages owed, failed to reimburse necessary business expenses incurred, and failed to

19  provide the required amount of overtime compensation due to a miscalculation of the overtime

20  rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare

21  Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this

22  Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,

23  including restitution of wages wrongfully withheld.

24      50.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

25  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

26  other members of the CALIFORNIA CLASS to be underpaid during their employment with

27  DEFENDANT.

28

1      51.   By the conduct alleged herein, DEFENDANT's practices were also unfair and

2   deceptive in that DEFENDANT's policies, practices and procedures failed to provide

3   mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

4      52.   Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

5   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

6   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

7   for each workday in which a second off-duty meal period was not timely provided for each ten

8   (10) hours of work.

9      53.   PLAINTIFF further demands on behalf of himself and on behalf of each

10  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

11  paid rest period was not timely provided as required by law.

12     54.   By and through the unlawful and unfair business practices described herein,

13  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

14  other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

15  and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

16  detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

17  to unfairly compete against competitors who comply with the law.

18     55.   All the acts described herein as violations of, among other things, the Industrial

19  Welfare Commission Wage Orders, the California Code of Regulations, and the California

20  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

21  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

22  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

23     56.   PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

24  and do, seek such relief as may be necessary to restore to them the money and property which

25  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

26  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

27  unfair business practices, including earned but unpaid wages for all overtime worked.

28

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 28

1    57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

2  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

3  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

4  engaging in any unlawful and unfair business practices in the future.

5    58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

6  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

7  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

8  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

9  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

10  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

11  engage in these unlawful and unfair business practices.

12

13                        **SECOND CAUSE OF ACTION**

14                    **For Failure To Pay Overtime Compensation**

15                    [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

16      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

17                              **Defendants)**

18    59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

20  of this Complaint.

21    60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

22  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

23  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

24  accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other

25  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

26  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

27  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

28                                  29

1   any workweek.

2        61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

3   public policy, an employer must timely pay its employees for all hours worked.

4        62.    Cal. Lab. Code § 510 further provides that employees in California shall not be

5   employed more than eight (8) hours per workday and/or more than forty (40) hours per

6   workweek unless they receive additional compensation beyond their regular wages in amounts

7   specified by law.

8        63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

9   including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

10   Code § 1198 further states that the employment of an employee for longer hours than those

11   fixed by the Industrial Welfare Commission is unlawful.

12        64.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

13   CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

14   DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

15   including overtime work. DEFENDANT maintained a wage practice of paying PLAINTIFF and

16   the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

17   amount of overtime worked and correct applicable overtime rate for the amount of overtime

18   they worked.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and

19   intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and

20   the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact

21   failed to pay these employees the correct applicable overtime wages for all overtime worked.

22        65.    DEFENDANT's unlawful wage and hour practices manifested, without

23   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

24   implementing a policy and practice that denied accurate compensation to PLAINTIFF and the

25   other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including,

26   the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any

27   workweek.

28

30

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1

66.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

31

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 31

71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

72.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

73.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 32

1  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

2  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

3  conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF

4  and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

5  statutory costs.

6

7  **THIRD CAUSE OF ACTION**

8  **For Failure To Pay Minimum Wages**

9  **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

10  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

11  **and Against All Defendants)**

12      75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

13  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

14  paragraphs of this Complaint.

15      76.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

16  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

17  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

18  accurately calculate and pay minimum and reporting time wages to PLAINTIFF and

19  CALIFORNIA CLASS Members.

20      77.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

21  public policy, an employer must timely pay its employees for all hours worked.

22      78.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

23  commission is the minimum wage to be paid to employees, and the payment of a less wage than

24  the minimum so fixed in unlawful.

25      79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26  including minimum wage compensation and interest thereon, together with the costs of suit.

27      80.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other

28
FIRST AMENDED CLASS ACTION COMPLAINT
**EXHIBIT  1**
**PAGE 33**

1  members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of
2  time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and
3  intentionally deny timely payment of wages due to PLAINTIFF and the other members of the
4  CALIFORNIA LABOR SUB-CLASS.

5      81.   DEFENDANT's unlawful wage and hour practices manifested, without
6  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of
7  implementing a policy and practice that denies accurate compensation to PLAINTIFF and the
8  other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

9      82.   In committing these violations of the California Labor Code, DEFENDANT
10  inaccurately calculated the correct time worked and consequently underpaid the actual time
11  worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.
12  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other
13  benefits in violation of the California Labor Code, the Industrial Welfare Commission
14  requirements and other applicable laws and regulations.

15      83.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
16  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not
17  receive the correct minimum wage compensation for their time worked for DEFENDANT.

18      84.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT
19  required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS
20  Members to work without paying them for all the time they were under DEFENDANT's
21  control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other
22  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they
23  were entitled to, constituting a failure to pay all earned wages.

24      85.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned
25  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
26  CLASS for the true time they worked, PLAINTIFF and the other members of the
27  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

28

34

1   injury in amounts which are presently unknown to them and which will be ascertained
2   according to proof at trial.

3        86.    DEFENDANT knew or should have known that PLAINTIFF and the other
4   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time
5   worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,
6   to not pay employees for their labor as a matter of company policy, practice and procedure, and
7   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members
8   of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

9        87.    In performing the acts and practices herein alleged in violation of California labor
10  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
11  all time worked and provide them with the requisite compensation, DEFENDANT acted and
12  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other
13  members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for
14  their legal rights, or the consequences to them, and with the despicable intent of depriving them
15  of their property and legal rights, and otherwise causing them injury in order to increase
16  company profits at the expense of these employees.

17       88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
18  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as
19  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
20  by the California Labor Code and/or other applicable statutes. To the extent minimum wage
21  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members
22  who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§
23  201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties
24  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
25  CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein
26  was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA
27  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

28

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 35**

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

89.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

90.     During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's  corporate policy and practice.

91.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable

36

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 36

1   Wage Order, one additional hour of compensation at each employee's regular rate of pay for

2   each workday that a meal period was not provided.

3       92.     As a proximate result of the aforementioned violations, PLAINTIFF and

4   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

5   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

6   suit.

7

8                          **FIFTH CAUSE OF ACTION**

9                    **For Failure to Provide Required Rest Periods**

10                     **[Cal. Lab. Code §§ 226.7 & 512 ]**

11       **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                                **Defendants)**

13      93.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

15  of this Complaint.

16      94.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

17  time to time required to work in excess of four (4) hours without being provided ten (10) minute

18  rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

19  minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

20  period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

21  and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

22  ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-

23  CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of

24  their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

25  Members were  periodically  denied  their  proper  rest  periods  by  DEFENDANT  and

26  DEFENDANT's managers.

27      95.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

28                                    37
                      FIRST AMENDED CLASS ACTION COMPLAINT

                                  **EXHIBIT  1**
                                   **PAGE 37**

1  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-
2  CLASS Members who were not provided a rest period, in accordance with the applicable Wage
3  Order, one additional hour of compensation at each employee's regular rate of pay for each
4  workday that rest period was not provided.

5        96.    As a proximate result of the aforementioned violations, PLAINTIFF and
6  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according
7  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
8  suit.

9

10                     **SIXTH CAUSE OF ACTION**
11        **For Failure to Provide Accurate Itemized Statements**
12                   **[Cal. Lab. Code § 226]**
13    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
14                       **Defendants)**

15        97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
16  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
17  of this Complaint.

18        98.    Cal. Labor Code § 226 provides that an employer must furnish employees with
19  an "accurate itemized" statement in writing showing:

20      (1) gross wages earned,
21      (2) total hours worked by the employee, except for any employee whose compensation
22      is solely based on a salary and who is exempt from payment of overtime under
23      subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
24      Commission,
25      (3) the number of piecerate units earned and any applicable piece rate if the employee
26      is paid on a piece-rate basis,
27      (4) all deductions, provided that all deductions made on written orders of the employee

28                         38

1    may be aggregated and shown as one item,

2    (5) net wages earned,

3    (6) the inclusive dates of the period for which the employee is paid,

4    (7) the name of the employee and his or her social security number, except that by

5    January 1, 2008, only the last four digits of his or her social security number or an

6    employee identification number other than a social security number may be shown on

7    the itemized statement,

8    (8) the name and address of the legal entity that is the employer, and

9    (9) all applicable hourly rates in effect during the pay period and the corresponding

10   number of hours worked at each hourly rate by the employee.

11   99.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

12   other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage

13   statements which failed to show, among other things, the correct gross and net wages earned

14   and correct amount of time worked. Cal. Lab. Code § 226 provides that every employer shall

15   furnish each of his or her employees with an accurate itemized wage statement in writing

16   showing, among other things, gross wages earned and all applicable hourly rates in effect during

17   the pay period and the corresponding amount of time worked at each hourly rate. Aside, from

18   the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an

19   itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.

20   As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of

21   the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code

22   § 226.

23   100.   DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

24   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

26   expended calculating the correct rates for the overtime worked and the amount of employment

27   taxes which were not properly paid to state and federal tax authorities. These damages are

28
                                    39
                     FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 39

1   difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA

2   LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

3   initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

4   violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

5   to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

6   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

7

8                     **SEVENTH CAUSE OF ACTION**

9        **For Failure to Reimburse Employees for Required Expenses**

10                    **[Cal. Lab. Code § 2802]**

11     **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                      **Defendants)**

13       101.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

14   reallege and incorporate by this reference, as though fully set forth herein, the prior

15   paragraphs of this Complaint.

16       102.   Cal. Lab. Code § 2802 provides, in relevant part, that:

17         An employer shall indemnify his or her employee for all necessary expenditures
          or losses incurred by the employee in direct consequence of the discharge of his

18         or her duties, or of his or her obedience to the directions of the employer, even
          though unlawful, unless the employee, at the time of obeying the directions,

19         believed them to be unlawful.

20       103.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

21   failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

22   members for required expenses incurred in the discharge of their job duties for DEFENDANT's

23   benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

24   CLASS members for expenses which included, but were not limited to, costs related to using

25   their personal cellular phones on behalf of and for the benefit of DEFENDANT. Specifically,

26   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by

27   DEFENDANT to use their personal cellular phones in order to perform work related job tasks.

28

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 40**

1   DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA

2   LABOR SUB-CLASS members for expenses resulting from using their personal cellular

3   phones for DEFENDANT within the course and scope of their employment for DEFENDANT.

4   These expenses were necessary to complete their principal job duties. DEFENDANT is

5   estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these

6   expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR

7   SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the

8   CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required

9   to do under the laws and regulations of California.

10       104.   PLAINTIFF therefore demands reimbursement for expenditures or losses incurred

11   by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job

12   duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest

13   at the statutory rate and costs under Cal. Lab. Code § 2802.

### EIGHTH CAUSE OF ACTION

#### For Failure to Pay Wages When Due

#### [ Cal. Lab. Code §§ 201, 202, 203]

#### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

105.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

106.   Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

107.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

41

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT  1**

**PAGE 41**

1   an employee, the wages earned and unpaid at the time of discharge are due and payable

2   immediately."

3       108.   Cal. Lab. Code § 202 provides, in relevant part, that:

4   If an employee not having a written contract for a definite period quits his or her
    employment, his or her wages shall become due and payable not later than 72
5   hours thereafter, unless the employee has given 72 hours previous notice of his
    or her intention to quit, in which case the employee is entitled to his or her wages
6   at the time of quitting. Notwithstanding any other provision of law, an employee
    who quits without providing a 72-hour notice shall be entitled to receive payment
7   by mail if he or she so requests and designates a mailing address. The date of the
    mailing shall constitute the date of payment for purposes of the requirement to
8   provide payment within 72 hours of the notice of quitting.

9       109.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

10  CLASS Members' employment contract.

11      110.   Cal. Lab. Code § 203 provides:

12  If an employer willfully fails to pay, without abatement or reduction, in
    accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
13  who is discharged or who quits, the wages of the employee shall continue as a
    penalty from the due date thereof at the same rate until paid or until an action
14  therefor is commenced; but the wages shall not continue for more than 30 days.

15      111.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

16  Members terminated and DEFENDANT has not tendered payment of overtime wages, to these

17  employees who actually worked overtime, as required by law.

18      112.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

19  members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF

20  demands up to thirty days of pay as penalty for not paying all wages due at time of termination

21  for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

22  PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory

23  costs as allowed by law.

24  ///

25  ///

26  ///

27  ///

28

42

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 42**

1

**NINTH CAUSE OF ACTION**

2

**For Violation of the Private Attorneys General Act**

3

**[Cal. Lab. Code §§ 2698, *et seq*.]**

4

**(By PLAINTIFF and Against All Defendants)**

5
113.   PLAINTIFF incorporates by reference the allegations set forth in paragraphs

6
1-112, supra, as though fully set forth at this point.

7
114.   PAGA is a mechanism by which the State of California itself can enforce state

8
labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

9
state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

10
fundamentally a law enforcement action designed to protect the public and not to benefit private

11
parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

12
means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

13
enacting PAGA, the California Legislature specified that "it was ... in the public interest to

14
allow aggrieved employees, acting as private attorneys general to recover civil penalties for

15
Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

16
subject to arbitration.

17
115.   PLAINTIFF, and such persons that may be added from time to time who satisfy

18
the requirements and exhaust the administrative procedures under the Private Attorney General

19
Act, brings this Representative Action on behalf of the State of California with respect to

20
himself and all individuals who worked for DEFENDANT in California and were classified as

21
non-exempt employees (the "AGGRIEVED EMPLOYEES") during the time period of January

22
28, 2019 until a date as determined by the Court (the "PAGA PERIOD").

23
116.   On January 28, 2020, PLAINTIFF gave written notice by electronic mail to the

24
Labor and Workforce Development Agency (the "Agency") and by certified mail to the

25
employer of the specific provisions of this code alleged to have been violated as required by

26
Labor Code § 2699.3. *See* **Exhibit #1**, attached hereto and incorporated by this reference

27
herein. The statutory waiting period for PLAINTIFF to add these allegations to the Complaint

28

43

FIRST AMENDED CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 43**

1  has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a

2  representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of

3  California with respect to all AGGRIEVED EMPLOYEES as herein defined.

4       117.   The policies, acts and practices heretofore described were and are an unlawful

5  business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the other

6  AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record

7  and provide legally required meal and rest periods, (c) failed to pay overtime wages, (d) failed

8  to pay minimum wages, (e) failed to provide wages when due, and (f) failed to reimburse

9  employees for required expenses, all in violation of the applicable Labor Code sections listed

10  in Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194,

11  1197, 1197.1, 1198, 2802, and the applicable Industrial Wage Order(s), and thereby gives rise

12  to civil penalties as a result of such conduct.[1]  PLAINTIFF hereby seeks recovery of civil

13  penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the

14  representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and

15  the other AGGRIEVED EMPLOYEES.

16       118.   All of the conduct and violations alleged herein occurred during the

17  PAGA PERIOD.  To the extent that any of the conduct and violations alleged herein did not

18  affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations

19  that affected other AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp.*

20  2018 AJDAR 12157 (Certified for Publication 12/19/18).

21                                **PRAYER FOR RELIEF**

22       WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

23  severally, as follows:

24  1.     On behalf of the CALIFORNIA CLASS:

25

26  _____

27  [1]Plaintiff specifically excludes and/or does not allege any claims under California Labor
   Code §558(a)(3).

28                                    44
                        FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 44

1    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA
2          CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;
3    B)    An order temporarily, preliminarily and permanently enjoining and restraining
4          DEFENDANT from engaging in similar unlawful conduct as set forth herein;
5    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly
6          withheld from compensation due to PLAINTIFF and the other members of the
7          CALIFORNIA CLASS; and,
8    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund
9          for restitution of the sums incidental to DEFENDANT's violations due to
10         PLAINTIFF and to the other members of the CALIFORNIA CLASS.
11   2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:
12   A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth
13         Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class
14         action pursuant to Cal. Code of Civ. Proc. § 382;
15   B)    Compensatory damages, according to proof at trial, including compensatory
16         damages for overtime compensation due PLAINTIFF and the other members of
17         the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA
18         LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;
19   C)    Meal and rest period compensation pursuant to California Labor Code Section
20         226.7 and the applicable IWC Wage Order;
21   D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period
22         in which a violation occurs and one hundred dollars ($100) per each member of
23         the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay
24         period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and
25         an award of costs for violation of Cal. Lab. Code § 226;
26   E)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA
27         LABOR SUBCLASS incurred in the course of their job duties, plus interest, and
28
                                    45
                    FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 45

1    costs of suit;

2    F)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and

3          1197; and,

4    G)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-

5          CLASS as a penalty from the due date thereof at the same rate until paid or until

6          an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

7    3.   On behalf of the State of California and with respect to all AGGRIEVED

8         EMPLOYEES:

9    A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

10         General Act of 2004.

11   4.   On all claims:

12   A)    An award of interest, including prejudgment interest at the legal rate;

13   B)    Such other and further relief as the Court deems just and equitable; and,

14   C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

15         law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or

16         §2802.

17

18   Dated: April 6, 2020              BLUMENTHAL NORDREHAUG BHOWMIK
                                        DE BLOUW LLP
19

20                                      By:    /s/ Norman Blumenthal
21                                             Norman B. Blumenthal
                                               Attorneys for Plaintiff
22

23

24

25

26

27

28                                     46

1

## DEMAND FOR A JURY TRIAL

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4  Dated: April 6, 2020            BLUMENTHAL NORDREHAUG BHOWMIK
                          DE BLOUW LLP

5

6

7                     By:   /s/ *Norman Blumenthal*
                            Norman B. Blumenthal

8                            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
1004

January 28, 2020
CA2065

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
Online Filing

Loyal Source Government Services LLC
Certified Mail # 70192280000189178366
Registered Agent Solutions, Inc.
1220 S Street, Suite 150
Sacramento, CA 95811

Re:   Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

"Aggrieved Employees" refers to all individuals who are or previously were employed by Defendant Loyal Source Government Services LLC in California and classified as non-exempt employees during the time period of January 28, 2019 until a date as determined by the Court.  Our offices represent Plaintiff Ismael Ortega ("Plaintiff"), and other Aggrieved Employees in a lawsuit against Defendant Loyal Source Government Services LLC ("Defendant").  Plaintiff was employed by Defendant in California from June of 2019 to December of 2019 as a non-exempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control.  Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for all of their time worked, including minimum and overtime wages, and for all of their missed meal and rest breaks.  Plaintiff further contends that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a).  Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period.  Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

EXHIBIT  1
PAGE 49

A true and correct copy of the Complaint by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Relations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox (NBB)\Pending Litigation\Loyal Source Government Services - Ortega\l-paga-01.wpd

**EXHIBIT  1**
**PAGE 50**

1   **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
    Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 10  ISMAEL ORTEGA, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No._____ |
| | **CLASS ACTION COMPLAINT FOR:** |
| 12          Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| 13  vs. | 2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*; |
| 14  LOYAL SOURCE GOVERNMENT SERVICES LLC, a Limited Liability Company; and Does 1 through 50, Inclusive; | 3. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| 17        Defendants. | 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| | 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, |
| | 8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203. |
| | **DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 51**

1    Plaintiff Ismael Ortega ("PLAINTIFF"), an individual, on behalf of himself and all other

2    similarly situated current and former employees, alleges on information and belief, except for

3    his own acts and knowledge which are based on personal knowledge, the following:

4

5                                              **THE PARTIES**

6        1.      Defendant Loyal Source Government Services LLC ("DEFENDANT") is a

7    limited liability company that at all relevant times mentioned herein conducted and continues

8    to conduct substantial and regular business throughout California.

9        2.      DEFENDANT is a staffing company that offers health care, human resources, IT

10   and engineering services.

11       3.      PLAINTIFF was employed by DEFENDANT in California as a non-exempt

12   employee entitled to overtime pay and meal and rest periods from June of 2019 to December

13   of 2019. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT

14   as a non-exempt employee paid in whole or in part on an hourly basis and received additional

15   compensation from DEFENDANT in the form of non-discretionary incentive wages, including,

16   but not limited to, performance bonus wages

17       4.      PLAINTIFF brings this Class Action on behalf of himself and a California class,

18   defined as all individuals who are or previously were employed by DEFENDANT in California

19   and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

20   period beginning on the date four (4) years prior to the filing of this Complaint and ending on

21   the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

22   controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

23   dollars ($5,000,000.00).

24       5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

25   CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

26   the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice

27   which failed to lawfully compensate these employees for all their overtime worked.

28

CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 52**

1    DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive

2    business practice whereby DEFENDANT retained and continues to retain wages due

3    PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other

4    members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by

5    DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the

6    CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and

7    current unlawful conduct, and all other appropriate legal and equitable relief.

8        6.    The true names and capacities, whether individual, corporate, subsidiary,

9    partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

10   unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

11   to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege

12   the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.

13   PLAINTIFF is informed and believes, and based upon that information and belief alleges, that

14   the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are

15   responsible in some manner for one or more of the events and happenings that proximately

16   caused the injuries and damages hereinafter alleged.

17       7.    The agents, servants and/or employees of the Defendants and each of them acting

18   on behalf of the Defendants acted within the course and scope of his, her or its authority as the

19   agent, servant and/or employee of the Defendants, and personally participated in the conduct

20   alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

21   Consequently, the acts of each Defendant are legally attributable to the other Defendants and

22   all Defendants are jointly and severally liable to PLAINTIFF and the other members of the

23   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

24   Defendants' agents, servants and/or employees.

25   / / /

26   / / /

27   / / /

28

3

CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 53**

**THE CONDUCT**

8.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their minimum and overtime wages.  DEFENDANT unlawfully and unilaterally failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for working without compensation at the correct minimum wage and overtime rates.  DEFENDANT's uniform policy and practice to not pay the members of the CALIFORNIA CLASS the correct compensation for all time worked in accordance with applicable law is evidenced by DEFENDANT's business records.  This uniform policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

9.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.   Specifically, DEFENDANT required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break.  PLAINTIFF was from time to time interrupted by work assignments.  Indeed there were days where PLAINTIFF did not even receive a partial lunch.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by working without their time being accurately recorded and without compensation at the

1 | applicable minimum wage and overtime rates. To the extent that the time worked off the clock

2 | did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages

3 | for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

4 |       10.    State and federal law provides that employees must be paid overtime at one-and-

5 | one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS

6 | Members were compensated at an hourly rate plus incentive pay that was tied to specific

7 | elements of an employee's performance.

8 |       11.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

9 | Members' compensation was DEFENDANT's non-discretionary incentive program that paid

10 | PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

11 | performance for DEFENDANT. The non-discretionary incentive program provided all

12 | employees paid on an hourly basis with incentive compensation when the employees met the

13 | various performance goals set by DEFENDANT. However, when calculating the regular rate

14 | of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

15 | DEFENDANT failed to include the incentive compensation as part of the employees' "regular

16 | rate of pay" for purposes of calculating overtime pay. Management and supervisors described

17 | the incentive program to potential and new employees as part of the compensation package. As

18 | a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

19 | CLASS Members must be included in the "regular rate of pay." The failure to do so has

20 | resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other

21 | CALIFORNIA CLASS Members by DEFENDANT.

22 |       12.    In violation of the applicable sections of the California Labor Code and the

23 | requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

24 | a matter of company policy, practice and procedure, intentionally and knowingly failed to

25 | compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct

26 | rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is

27 | intended to purposefully avoid the payment of the correct overtime compensation as required

28 |

1  by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage
2  over competitors who complied with the law.  To the extent equitable tolling operates to toll
3  claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS
4  PERIOD should be adjusted accordingly.

5        13.    As a result of their rigorous work schedules, PLAINTIFF and other
6  CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks
7  and were not fully relieved of duty for meal periods.  PLAINTIFF and other CALIFORNIA
8  CLASS Members were from time to time required to perform work as ordered by
9  DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal
10  break.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS
11  Members with a second off-duty meal period from time to time in which these employees were
12  required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other
13  CALIFORNIA CLASS Members therefore forfeited meal breaks without additional
14  compensation and in accordance with DEFENDANT's strict corporate policy and practice.

15        14.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other
16  CALIFORNIA CLASS Members were from time to time also required to work in excess of four
17  (4) hours without being provided ten (10) minute rest periods.  Further, these employees were
18  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two
19  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts
20  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at
21  least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.
22  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour
23  wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other
24  CALIFORNIA CLASS Members were periodically denied their proper rest periods by
25  DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage
26  Order requires employers to provide employees with off-duty rest periods, which the California
27  Supreme Court defined as time during which an employee is relieved from all work related
28

1    duties and free from employer control.  In so doing, the Court held that the requirement under

2    California law that employers authorize and permit all employees to take rest period means that

3    employers must relieve employees of all duties and relinquish control over how employees

4    spend their time which includes control over the locations where employees may take their rest

5    period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -

6    five minutes out, five minutes back.   Here, DEFENDANT's uniform policy restricted

7    PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and was

8    unlawful based on Defendant's rule which stated PLAINTIFF and other CALIFORNIA CLASS

9    Members could not leave the work premises during their rest period.

10        15.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

11   employees with an accurate itemized wage statement in writing showing, among other things,

12   gross wages earned and all applicable hourly rates in effect during the pay period and the

13   corresponding amount of time worked at each hourly rate.  DEFENDANT from time to time

14   failed to provide to PLAINTIFF and the CALIFORNIA CLASS wage statements that identify

15   the correct gross and net wages earned, the applicable number of hours worked and rates of pay.

16   Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to

17   PLAINTIFF and other CALIFORNIA CLASS members an itemized wage statement that lists

18   all the requirements under California Labor Code 226 *et seq*.

19        16.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify

20   PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

21   incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence

22   of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section

23   2802, employers are required to indemnify employees for all expenses incurred in the course

24   and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall

25   indemnify his or her employee for all necessary expenditures or losses incurred by the employee

26   in direct consequence of the discharge of his or her duties, or of his or her obedience to the

27   directions of the employer, even though unlawful, unless the employee, at the time of obeying

28

7

CLASS ACTION COMPLAINT

**EXHIBIT  1**

**PAGE 57**

1 | the directions, believed them to be unlawful."

2 |       17.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

3 | Members as a business expense, were required by DEFENDANT to use their own personal

4 | cellular phones as a result of and in furtherance of their job duties as employees for

5 | DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

6 | associated with the use of their personal cellular phones for DEFENDANT's benefit.

7 | Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

8 | DEFENDANT to use their personal cellular phones to for work related issues. As a result, in

9 | the course of their employment with DEFENDANT, PLAINTIFF and other members of the

10 | CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

11 | limited to, costs related to the use of their personal cellular phones all on behalf of and for the

12 | benefit of DEFENDANT.

13 |       18.    By reason of this uniform conduct applicable to PLAINTIFF and all

14 | CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

15 | violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

16 | (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

17 | calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other

18 | CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour

19 | rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of

20 | the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

21 | required overtime compensation for work performed by the members of the CALIFORNIA

22 | CLASS and violated the California Labor Code and regulations promulgated thereunder as

23 | herein alleged.

24 |       19.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to

25 | him in the form of two components. One component of PLAINTIFF's compensation was a

26 | base hourly wage. The second component of PLAINTIFF's compensation were non-

27 | discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF

28 |

1   met certain predefined performance requirements.    PLAINTIFF met DEFENDANT's

2   predefined eligibility performance requirements in various pay periods throughout his

3   employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary

4   incentive wages.    During these pay periods in which PLAINTIFF was paid the non-

5   discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for

6   DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's

7   regular rate of pay for the purposes of calculating what should have been PLAINTIFF's

8   accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his

9   employment with DEFENDANT.    The incentive compensation paid by DEFENDANT

10  constituted wages within the meaning of the California Labor Code and thereby should have

11  been part of PLAINTIFF's "regular rate of pay."  PLAINTIFF was also from time to time

12  unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal

13  periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than

14  five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT

15  failed to provide PLAINTIFF with a second off-duty meal period from time to time in which

16  he was required by DEFENDANT to work ten (10) hours of work.    PLAINTIFF therefore

17  forfeited meal and rest breaks without additional compensation and in accordance with

18  DEFENDANT's strict corporate policy and practice. DEFENDANT also provided PLAINTIFF

19  with a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and

20  payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code

21  § 226(a).  To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation

22  still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203.   The amount

23  in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

24

25                          **JURISDICTION AND VENUE**

26          20.    This Court has jurisdiction over this Action pursuant to California Code of Civil

27  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

28

                                            9

1 | action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

2 | of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

3 |      21.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

4 | Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

5 | maintained offices and facilities in this County and/or conducts substantial business in this

6 | County, and (ii) committed the wrongful conduct herein alleged in this County against members

7 | of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

8 |

9 | **THE CALIFORNIA CLASS**

10 |      22.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

11 | Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

12 | Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

13 | all individuals who are or previously were employed by DEFENDANT in California and

14 | classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

15 | period beginning on the date four (4) years prior to the filing of this Complaint and ending on

16 | the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

17 | controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

18 | dollars ($5,000,000.00).

19 |      23.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

20 | CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

21 | accordingly.

22 |      24.    The California Legislature has commanded that "all wages... ...earned by any

23 | person in any employment are due and payable twice during each calendar month, on days

24 | designated in advance by the employer as the regular paydays", and further that "[a]ny work

25 | in excess of eight hours in one workday and any work in excess of 40 hours in any one

26 | workweek . . . shall be compensated at the rate of no less than one and one-half times the

27 | regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare

28 |

CLASS ACTION COMPLAINT
**EXHIBIT 1**
**PAGE 60**

1   Commission (IWC), however, is statutorily authorized to "establish exemptions from the

2   requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

3   professional employees, provided [inter alia] that the employee is primarily engaged in duties

4   that meet the test of the exemption, [and] customarily and regularly exercises discretion and

5   independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the

6   PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

7   LABOR SUB-CLASS qualify for exemption from the above requirements.

8       25.    DEFENDANT, as a matter of company policy, practice and procedure, and in

9   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

10  requirements, and the applicable provisions of California law, intentionally, knowingly, and

11  wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly

12  calculate and record overtime compensation for overtime worked by PLAINTIFF and the other

13  members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this

14  work, required employees to perform this work and permitted or suffered to permit this

15  overtime work.

16      26.    DEFENDANT has the legal burden to establish that each and every

17  CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to

18  accurately calculate the "regular rate of pay" by including the incentive compensation that

19  PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.

20  DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

21  have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy

22  or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable

23  overtime rate for all overtime worked, so as to satisfy their burden.  This common business

24  practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on

25  a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code

26  §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this

27  claim.

28

11

CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 61

1      27.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

2    any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

3    employee for all overtime worked at the applicable rate, as required by California Labor Code

4    §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the

5    overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

6    as to include all earnings in the overtime compensation calculation as required by California

7    Labor Code §§ 510, *et seq*.

8      28.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

9    CLASS Members is impracticable.

10      29.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

11    California law by:

12          (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

13                   §§ 17200, *et seq*., by unlawfully, unfairly and/or deceptively having in

14                   place company policies, practices and procedures that failed to pay all

15                   minimum and overtime wages due the CALIFORNIA CLASS for all time

16                   worked, and failed to accurately record the applicable rates of all overtime

17                   worked by the CALIFORNIA CLASS;

18          (b)    Committing an act of unfair competition in violation of the California

19                   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by

20                   unlawfully, unfairly, and/or deceptively having in place a company policy,

21                   practice and procedure that failed to correctly calculate overtime

22                   compensation due to PLAINTIFF and the members of the CALIFORNIA

23                   CLASS;

24          (c)    Committing an act of unfair competition in violation of the California

25                   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by

26                   violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

27                   *seq*., by failing to pay the correct federal overtime wages to the

28

CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 62**

1                        PLAINTIFF and the members of the CALIFORNIA CLASS as legally

2                        required by the FLSA, and retaining the unpaid federal overtime to the

3                        benefit of DEFENDANT.;

4         (d)     Committing an act of unfair competition in violation of the California

5                        Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

6                        failing to provide mandatory meal and/or rest breaks to PLAINTIFF and

7                        the CALIFORNIA CLASS members; and,

8         (e)     Committing an act of unfair competition in violation of the California

9                        Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

10                      violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

11                      the CALIFORNIA CLASS members with necessary expenses incurred in

12                      the discharge of their job duties.

13      30.    This Class Action meets the statutory prerequisites for the maintenance of a Class

14 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

15         (a)     The persons who comprise the CALIFORNIA CLASS are so numerous

16                      that the joinder of all such persons is impracticable and the disposition of

17                      their claims as a class will benefit the parties and the Court;

18         (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues

19                      that are raised in this Complaint are common to the CALIFORNIA

20                      CLASS will apply uniformly to every member of the CALIFORNIA

21                      CLASS;

22         (c)     The claims of the representative PLAINTIFF are typical of the claims of

23                      each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

24                      other members of the CALIFORNIA CLASS, was subjected to the

25                      uniform employment practices of DEFENDANT and was a non-exempt

26                      employee paid on an hourly basis and paid additional non-discretionary

27                      incentive wages who was subjected to the DEFENDANT's practice and

28

13

1      policy which fails to pay the correct rate of overtime wages due to the
2      CALIFORNIA CLASS for all overtime worked by the CALIFORNIA
3      CLASS and thereby systematically underpays overtime compensation to
4      the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a
5      result of DEFENDANT's employment practices. PLAINTIFF and the
6      members of the CALIFORNIA CLASS were and are similarly or
7      identically harmed by the same unlawful, deceptive, unfair and pervasive
8      pattern of misconduct engaged in by DEFENDANT; and,

9      (d)   The representative PLAINTIFF will fairly and adequately represent and
10         protect the interest of the CALIFORNIA CLASS, and has retained
11         counsel who are competent and experienced in Class Action litigation.
12         There are no material conflicts between the claims of the representative
13         PLAINTIFF and the members of the CALIFORNIA CLASS that would
14         make class certification inappropriate. Counsel for the CALIFORNIA
15         CLASS will vigorously assert the claims of all CALIFORNIA CLASS
16         Members.

17    31.   In addition to meeting the statutory prerequisites to a Class Action, this action
18    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

19      (a)   Without class certification and determination of declaratory, injunctive,
20         statutory and other legal questions within the class format, prosecution of
21         separate actions by individual members of the CALIFORNIA CLASS will
22         create the risk of:

23         1)   Inconsistent or varying adjudications with respect to individual
24            members of the CALIFORNIA CLASS which would establish
25            incompatible standards of conduct for the parties opposing the
26            CALIFORNIA CLASS; and/or,

27         2)   Adjudication with respect to individual members of the

28
                              14
                    CLASS ACTION COMPLAINT

**EXHIBIT 1**
**PAGE 64**

CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)  With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be

15

CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 65

avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

32.    This Court should permit this action to be maintained as a Class Action pursuant

16

CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 66

1    to Cal. Code of Civ. Proc. § 382 because:

2         (a)    The questions of law and fact common to the CALIFORNIA CLASS
3                predominate over any question affecting only individual CALIFORNIA
4                CLASS Members because the DEFENDANT's employment practices are
5                uniform and systematically applied with respect to the CALIFORNIA
6                CLASS;

7         (b)    A Class Action is superior to any other available method for the fair and
8                efficient adjudication of the claims of the members of the CALIFORNIA
9                CLASS because in the context of employment litigation a substantial
10               number of individual CALIFORNIA CLASS Members will avoid
11               asserting their rights individually out of fear of retaliation or adverse
12               impact on their employment;

13        (c)    The members of the CALIFORNIA CLASS are so numerous that it is
14               impractical to bring all members of the CALIFORNIA CLASS before the
15               Court;

16        (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be
17               able to obtain effective and economic legal redress unless the action is
18               maintained as a Class Action;

19        (e)    There is a community of interest in obtaining appropriate legal and
20               equitable relief for the acts of unfair competition, statutory violations and
21               other improprieties, and in obtaining adequate compensation for the
22               damages and injuries which DEFENDANT's actions have inflicted upon
23               the CALIFORNIA CLASS;

24        (f)    There is a community of interest in ensuring that the combined assets of
25               DEFENDANT are sufficient to adequately compensate the members of
26               the CALIFORNIA CLASS for the injuries sustained;

27        (g)    DEFENDANT has acted or refused to act on grounds generally applicable

28                                          17
                                 CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 67

1                    to the CALIFORNIA CLASS, thereby making final class-wide relief

2                    appropriate with respect to the CALIFORNIA CLASS as a whole;

3       (h)     The members of the CALIFORNIA CLASS are readily ascertainable from

4                    the business records of DEFENDANT; and,

5       (i)      Class treatment provides manageable judicial treatment calculated to bring

6                    a efficient and rapid conclusion to all litigation of all wage and hour

7                    related claims arising out of the conduct of DEFENDANT as to the

8                    members of the CALIFORNIA CLASS.

9       33.     DEFENDANT maintains records from which the Court can ascertain and identify

10 by job title each of DEFENDANT's employees who as have been systematically, intentionally

11 and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein

12 alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles

13 of similarly situated employees when they have been identified.

14

15                  **THE CALIFORNIA LABOR SUB-CLASS**

16       34.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and

17 Eighth causes of Action on behalf of a California sub-class, defined as all members of the

18 CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR

19 SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the

20 filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA

21 LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in

22 controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under

23 five million dollars ($5,000,000.00).

24       35.     DEFENDANT, as a matter of company policy, practice and procedure, and in

25 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

26 requirements, and the applicable provisions of California law, intentionally, knowingly, and

27 wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime

28

18

CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 68**

1  compensation for the overtime worked by PLAINTIFF and the other members of the
2  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this
3  work, required employees to perform this work and permitted or suffered to permit this
4  overtime work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-
5  CLASS Members overtime wages at the correct amount to which these employees are entitled
6  in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling
7  operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the
8  CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

9       36.   DEFENDANT maintains records from which the Court can ascertain and identify
10  by name and job title, each of DEFENDANT's employees who have been systematically,
11  intentionally and uniformly subjected to DEFENDANT's company policy, practices and
12  procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include
13  any additional job titles of similarly situated employees when they have been identified.

14       37.   The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
15  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

16       38.   Common questions of law and fact exist as to members of the CALIFORNIA
17  LABOR SUB-CLASS, including, but not limited, to the following:

18         (a)   Whether DEFENDANT unlawfully failed to correctly calculate and pay
19             overtime compensation to members of the CALIFORNIA LABOR SUB-
20             CLASS in violation of the California Labor Code and California
21             regulations and the applicable California Wage Order;
22         (b)   Whether the members of the CALIFORNIA LABOR SUB-CLASS are
23             entitled to overtime compensation for overtime worked under the overtime
24             pay requirements of California law;
25         (c)   Whether DEFENDANT failed to accurately record the applicable
26             overtime rates for all overtime worked PLAINTIFF and the other
27             members of the CALIFORNIA LABOR SUB-CLASS;

28  19

CLASS ACTION COMPLAINT

**EXHIBIT  1**
**PAGE 69**

(d)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)    Whether DEFENDANT's conduct was willful.

39.    DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

20

1              accurately pay PLAINTIFF and the members of the CALIFORNIA

2              LABOR SUB-CLASS the correct minimum wage pay for which

3              DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

4       (c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

5              PLAINTIFF and the other members of the CALIFORNIA CLASS with

6              all legally required off-duty, uninterrupted thirty (30) minute meal breaks

7              and the legally required rest breaks; and,

8       (d)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

9              members of the CALIFORNIA LABOR SUB-CLASS with an accurate

10            itemized statement in writing showing all accurate and applicable

11            overtime rates in effect during the pay period and the corresponding

12            amount of time worked at each overtime rate by the employee;

13       (e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

14              the CALIFORNIA LABOR SUB-CLASS members with necessary

15              expenses incurred in the discharge of their job duties; and,

16       (f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

17              when an employee is discharged or quits from employment, the employer

18            must pay the employee all wages due without abatement, by failing to

19              tender full payment and/or restitution of wages owed or in the manner

20            required by California law to the members of the CALIFORNIA LABOR

21            SUB-CLASS who have terminated their employment.

22    41.    This Class Action meets the statutory prerequisites for the maintenance of a Class

23  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

24       (a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

25              so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

26            Members is impracticable and the disposition of their claims as a class

27            will benefit the parties and the Court;

28

21

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

42.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive,

22

CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 72**

1    statutory and other legal questions within the class format, prosecution of

2    separate actions by individual members of the CALIFORNIA LABOR

3    SUB-CLASS will create the risk of:

4       1)    Inconsistent or varying adjudications with respect to individual

5             members of the CALIFORNIA LABOR SUB-CLASS which

6             would establish incompatible standards of conduct for the parties

7             opposing the CALIFORNIA LABOR SUB-CLASS; or,

8       2)    Adjudication with respect to individual members of the

9             CALIFORNIA LABOR SUB-CLASS which would as a practical

10            matter be dispositive of interests of the other members not party to

11            the adjudication or substantially impair or impede their ability to

12            protect their interests.

13   (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

14         or refused to act on grounds generally applicable to the CALIFORNIA

15         LABOR SUB-CLASS, making appropriate class-wide relief with respect

16         to the CALIFORNIA LABOR SUB-CLASS as a whole in that

17         DEFENDANT uniformly failed to pay all wages due. Including the

18         correct overtime rate, for all overtime worked by the members of the

19         CALIFORNIA LABOR SUB-CLASS as required by law;

20   (c)   Common questions of law and fact predominate as to the members of the

21         CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

22         violations of California Law as listed above, and predominate over any

23         question affecting only individual CALIFORNIA LABOR SUB-CLASS

24         Members, and a Class Action is superior to other available methods for

25         the fair and efficient adjudication of the controversy, including

26         consideration of:

27      1)    The interests of the members of the CALIFORNIA LABOR SUB-

28                              23
                    CLASS ACTION COMPLAINT

EXHIBIT 1
PAGE 73

CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative

24

CLASS ACTION COMPLAINT

**EXHIBIT 1**

**PAGE 74**

1                    litigation that is likely to result in the absence of certification of

2                    this action pursuant to Cal. Code of Civ. Proc. § 382.

3     43.    This Court should permit this action to be maintained as a Class Action pursuant

4 to Cal. Code of Civ. Proc. § 382 because:

5            (a)    The questions of law and fact common to the CALIFORNIA LABOR

6                  SUB-CLASS predominate over any question affecting only individual

7                  CALIFORNIA LABOR SUB-CLASS Members;

8            (b)    A Class Action is superior to any other available method for the fair and

9                  efficient adjudication of the claims of the members of the CALIFORNIA

10                 LABOR SUB-CLASS because in the context of employment litigation a

11                 substantial number of individual CALIFORNIA LABOR SUB-CLASS

12                 Members will avoid asserting their rights individually out of fear of

13                 retaliation or adverse impact on their employment;

14            (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

15                 numerous that it is impractical to bring all members of the CALIFORNIA

16                 LABOR SUB-CLASS before the Court;

17            (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

18                 Members, will not be able to obtain effective and economic legal redress

19                  unless the action is maintained as a Class Action;

20            (e)    There is a community of interest in obtaining appropriate legal and

21                 equitable relief for the acts of unfair competition, statutory violations and

22                 other improprieties, and in obtaining adequate compensation for the

23                 damages and injuries which DEFENDANT's actions have inflicted upon

24                 the CALIFORNIA LABOR SUB-CLASS;

25            (f)    There is a community of interest in ensuring that the combined assets of

26                 DEFENDANT are sufficient to adequately compensate the members of

27                 the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

28

CLASS ACTION COMPLAINT

EXHIBIT 1

1        (g)     DEFENDANT has acted or refused to act on grounds generally applicable

2                to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

3                wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

4                CLASS as a whole;

5        (h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily

6                ascertainable from the business records of DEFENDANT.   The

7                CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

8                CLASS Members classified as non-exempt employees during the

9                CALIFORNIA LABOR SUB-CLASS PERIOD; and,

10       (i)     Class treatment provides manageable judicial treatment calculated to bring

11               a efficient and rapid conclusion to all litigation of all wage and hour

12               related claims arising out of the conduct of DEFENDANT as to the

13               members of the CALIFORNIA LABOR SUB-CLASS.

14

15                         **FIRST CAUSE OF ACTION**

16                       **For Unlawful Business Practices**

17                **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

18        **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

19        44.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

20   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

21   Complaint.

22        45.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

23   Code § 17021.

24   `    46.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

25   unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

26   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

27   competition as follows:

28

26

1           Any person who engages, has engaged, or proposes to engage in unfair
       competition may be enjoined in any court of competent jurisdiction. The court
2           may make such orders or judgments, including the appointment of a receiver, as
       may be necessary to prevent the use or employment by any person of any practice
3           which constitutes unfair competition, as defined in this chapter, or as may be
       necessary to restore to any person in interest any money or property, real or
4           personal, which may have been acquired by means of such unfair competition.

5    Cal. Bus. & Prof. Code § 17203.

6        47.    By the conduct alleged herein, DEFENDANT has engaged and continues to

7    engage in a business practice which violates California law, including but not limited to, the

8    applicable Wage Order(s), the California Code of Regulations and the California Labor Code

9    including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, The Fair Labor

10    Standards Act and federal regulations promulgated thereunder, for which this Court should

11    issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may

12    be necessary to prevent and remedy the conduct held to constitute unfair competition, including

13    restitution of wages wrongfully withheld.

14        48.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

15    unfair in that these practices violated public policy, were immoral, unethical, oppressive,

16    unscrupulous or substantially injurious to employees, and were without valid justification or

17    utility for which this Court should issue equitable and injunctive relief pursuant to Section

18    17203 of the California Business & Professions Code, including restitution of wages wrongfully

19    withheld.

20        49.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

21    fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

22    other members of the CALIFORNIA CLASS, minimum and overtime wages for all time

23    worked, failed to accurately to record the applicable rate of all overtime worked, failed to pay

24    reporting time wages owed, failed to reimburse necessary business expenses incurred, and failed

25    to provide the required amount of overtime compensation due to a systematic miscalculation

26    of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and

27    Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*,

28

27

CLASS ACTION COMPLAINT

**EXHIBIT  1**
**PAGE 77**

1    and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. &
2    Prof. Code § 17203, including restitution of wages wrongfully withheld.

3         50.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
4    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the
5    other members of the CALIFORNIA CLASS to be underpaid during their employment with
6    DEFENDANT.

7         51.    By the conduct alleged herein, DEFENDANT's practices were also unfair and
8    deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide
9    mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

10        52.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each
11   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty
12   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay
13   for each workday in which a second off-duty meal period was not timely provided for each ten
14   (10) hours of work.

15        53.    PLAINTIFF further demands on behalf of himself and on behalf of each
16   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty
17   paid rest period was not timely provided as required by law.

18        54.    By and through the unlawful and unfair business practices described herein,
19   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the
20   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,
21   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the
22   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT
23   to unfairly compete against competitors who comply with the law.

24        55.    All the acts described herein as violations of, among other things, the Industrial
25   Welfare Commission Wage Orders, the California Code of Regulations, and the California
26   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,
27   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

28
                                    28
                         CLASS ACTION COMPLAINT
                          **EXHIBIT  1**
                          **PAGE 78**

1  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

2      56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

3  and do, seek such relief as may be necessary to restore to them the money and property which

4  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

5  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

6  unfair business practices, including earned but unpaid wages for all overtime worked.

7      57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

8  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

9  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

10  engaging in any unlawful and unfair business practices in the future.

11      58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

12  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

13  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

14  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

15  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

16  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

17  engage in these unlawful and unfair business practices.

18

19  **SECOND CAUSE OF ACTION**

20  **For Failure To Pay Overtime Compensation**

21  **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

22  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

23  **Defendants)**

24      59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

25  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

26  of this Complaint.

27      60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

28

29

1  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

2  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

3  accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other

4  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

5  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

6  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

7  any workweek.

8      61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

9  public policy, an employer must timely pay its employees for all hours worked.

10     62.    Cal. Lab. Code § 510 further provides that employees in California shall not be

11  employed more than eight (8) hours per workday and/or more than forty (40) hours per

12  workweek unless they receive additional compensation beyond their regular wages in amounts

13  specified by law.

14     63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

15  including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

16  Code § 1198 further states that the employment of an employee for longer hours than those

17  fixed by the Industrial Welfare Commission is unlawful.

18     64.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

19  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

20  amount of overtime worked and correct applicable overtime rate for the amount of overtime

21  they worked.  As set forth herein, DEFENDANT's uniform policy and practice was to

22  unlawfully and intentionally deny timely payment of wages due for the overtime worked by

23  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and

24  DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

25  all overtime worked.

26     65.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

27  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

28

30

CLASS ACTION COMPLAINT

**EXHIBIT  1**

**PAGE 80**

1   result of implementing a uniform policy and practice that denied accurate compensation to

2   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all

3   overtime worked, including, the work performed in excess of eight (8) hours in a workday

4   and/or forty (40) hours in any workweek.

5        66.   In committing these violations of the California Labor Code, DEFENDANT

6   inaccurately calculated the amount of overtime worked and the applicable overtime rates and

7   consequently underpaid the actual time worked by PLAINTIFF and other members of the

8   CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the

9   payment of all earned wages, and other benefits in violation of the California Labor Code, the

10  Industrial Welfare Commission requirements and other applicable laws and regulations.

11       67.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

12  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

13  receive full compensation for all overtime worked.

14       68.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt

15  from the overtime requirements of the law.  None of these exemptions are applicable to

16  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

17  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject

18  to a valid collective bargaining agreement that would preclude the causes of action contained

19  herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the

20  CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,

21  non-waiveable rights provided by the State of California.

22       69.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

23  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

24  they were entitled to, constituting a failure to pay all earned wages.

25       70.   DEFENDANT failed to accurately pay PLAINTIFF and the other members of the

26  CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in

27  excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

28

31

CLASS ACTION COMPLAINT

**EXHIBIT  1**

**PAGE 81**

1  & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

2  CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed

3  to accurately record and pay using the applicable overtime rate as evidenced by

4  DEFENDANT's business records and witnessed by employees.

5        71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

6  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

7  CLASS for the true time they worked, PLAINTIFF and the other members of the

8  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

9  injury in amounts which are presently unknown to them and which will be ascertained

10 according to proof at trial.

11       72.    DEFENDANT knew or should have known that PLAINTIFF and the other

12 members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

13 worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

14 nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

15 practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

16 pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

17 applicable overtime rate.

18       73.    In performing the acts and practices herein alleged in violation of California labor

19 laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

20 all time worked and provide them with the requisite overtime compensation, DEFENDANT

21 acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

22 the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

23 disregard for their legal rights, or the consequences to them, and with the despicable intent of

24 depriving them of their property and legal rights, and otherwise causing them injury in order

25 to increase company profits at the expense of these employees.

26       74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

27 therefore request recovery of all unpaid wages, including overtime wages, according to proof,

28
                                          32
                              CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 82

1   interest, statutory costs, as well as the assessment of any statutory penalties against

2   DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

3   statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA

4   LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

5   conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

6   be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

7   herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

8   conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF

9   and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

10  statutory costs.

11

12                    **THIRD CAUSE OF ACTION**

13                    **For Failure To Pay Minimum Wages**

14                    **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

15              **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

16                    **and Against All Defendants)**

17          75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

18  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

19  paragraphs of this Complaint.

20          76.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

21  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

22  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

23  accurately calculate and pay minimum and reporting time wages to PLAINTIFF and

24  CALIFORNIA CLASS Members.

25          77.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

26  public policy, an employer must timely pay its employees for all hours worked.

27          78.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

28                            33

1    commission is the minimum wage to be paid to employees, and the payment of a less wage than

2    the minimum so fixed in unlawful.

3        79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

4    including minimum wage compensation and interest thereon, together with the costs of suit.

5        80.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

6    the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

7    amount of time they work. As set forth herein, DEFENDANT's uniform policy and practice

8    was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

9    other members of the CALIFORNIA LABOR SUB-CLASS.

10        81.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

11    without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

12    result of implementing a uniform policy and practice that denies accurate compensation to

13    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

14    minimum wage pay.

15        82.    In committing these violations of the California Labor Code, DEFENDANT

16    inaccurately calculated the correct time worked and consequently underpaid the actual time

17    worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

18    DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

19    benefits in violation of the California Labor Code, the Industrial Welfare Commission

20    requirements and other applicable laws and regulations.

21        83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

22    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

23    receive the correct minimum wage compensation for their time worked for DEFENDANT.

24        84.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

25    other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

26    they were entitled to, constituting a failure to pay all earned wages.

27        85.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

28

1  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

2  CLASS for the true time they worked, PLAINTIFF and the other members of the

3  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

4  injury in amounts which are presently unknown to them and which will be ascertained

5  according to proof at trial.

6      86.    DEFENDANT knew or should have known that PLAINTIFF and the other

7  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

8  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

9  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

10 practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

11 pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

12 correct minimum wages for their time worked.

13     87.    In performing the acts and practices herein alleged in violation of California labor

14 laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

15 all time worked and provide them with the requisite compensation, DEFENDANT acted and

16 continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

17 members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

18 their legal rights, or the consequences to them, and with the despicable intent of depriving them

19 of their property and legal rights, and otherwise causing them injury in order to increase

20 company profits at the expense of these employees.

21     88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

22 therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

23 well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

24 by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

25 compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

26 who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

27 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

28

35

CLASS ACTION COMPLAINT

**EXHIBIT  1**
**PAGE 85**

1   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

2   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

3   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

4   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

5

6                          **FOURTH CAUSE OF ACTION**

7                      **For Failure to Provide Required Meal Periods**

8                          **[Cal. Lab. Code §§ 226.7 & 512 ]**

9          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10                                   **Defendants)**

11          89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

12   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

13   of this Complaint.

14          90.    During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT

15   failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

16   CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

17   Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

18   SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

19   duties for the legally required off-duty meal periods.  As a result of their rigorous work

20   schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

21   time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally,

22   DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

23   Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

24   by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF

25   and CALIFORNIA LABOR SUB-CLASS Members with a second off-duty meal period from

26   time to time in which these employees were required by DEFENDANT to work ten (10) hours

27   of work.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-

28                                        36

1 | CLASS therefore forfeited meal breaks without additional compensation and in accordance with

2 | DEFENDANT's strict corporate policy and practice.

3 | 91.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

4 | IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

5 | CLASS Members who were not provided a meal period, in accordance with the applicable

6 | Wage Order, one additional hour of compensation at each employee's regular rate of pay for

7 | each workday that a meal period was not provided.

8 | 92.   As a proximate result of the aforementioned violations, PLAINTIFF and

9 | CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

10 | to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

11 | suit.

12 |

13 | **FIFTH CAUSE OF ACTION**

14 | **For Failure to Provide Required Rest Periods**

15 | **[Cal. Lab. Code §§ 226.7 & 512 ]**

16 | **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

17 | **Defendants)**

18 | 93.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19 | reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

20 | of this Complaint.

21 | 94.   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

22 | time to time required to work in excess of four (4) hours without being provided ten (10) minute

23 | rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

24 | minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

25 | period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

26 | and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

27 | ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-

28 |

1    CLASS Members were also not provided with one hour wages in lieu thereof. As a result of

2    their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

3    Members were periodically denied their proper rest periods by DEFENDANT and

4    DEFENDANT's managers.

5        95.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

6    IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

7    CLASS Members who were not provided a rest period, in accordance with the applicable Wage

8    Order, one additional hour of compensation at each employee's regular rate of pay for each

9    workday that rest period was not provided.

10       96.    As a proximate result of the aforementioned violations, PLAINTIFF and

11   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

12   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

13   suit.

14

15                              **SIXTH CAUSE OF ACTION**

16                **For Failure to Provide Accurate Itemized Statements**

17                              **[Cal. Lab. Code § 226]**

18          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

19                                  **Defendants)**

20       97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

21   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

22   of this Complaint.

23       98.    Cal. Labor Code § 226 provides that an employer must furnish employees with

24   an "accurate itemized" statement in writing showing:

25       (1) gross wages earned,

26       (2) total hours worked by the employee, except for any employee whose compensation

27       is solely based on a salary and who is exempt from payment of overtime under

28                                      38
                              CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 88

1  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
2  Commission,
3  (3) the number of piecerate units earned and any applicable piece rate if the employee
4  is paid on a piece-rate basis,
5  (4) all deductions, provided that all deductions made on written orders of the employee
6  may be aggregated and shown as one item,
7  (5) net wages earned,
8  (6) the inclusive dates of the period for which the employee is paid,
9  (7) the name of the employee and his or her social security number, except that by
10  January 1, 2008, only the last four digits of his or her social security number or an
11  employee identification number other than a social security number may be shown on
12  the itemized statement,
13  (8) the name and address of the legal entity that is the employer, and
14  (9) all applicable hourly rates in effect during the pay period and the corresponding
15  number of hours worked at each hourly rate by the employee.
16  99.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the
17  other members of the CALIFORNIA CLASS with complete and accurate wage statements
18  which failed to show, among other things, the correct gross and net wages earned and correct
19  amount of time worked. Cal. Lab. Code § 226 provides that every employer shall furnish each
20  of his or her employees with an accurate itemized wage statement in writing showing, among
21  other things, gross wages earned and all applicable hourly rates in effect during the pay period
22  and the corresponding amount of time worked at each hourly rate.  Aside, from the violations
23  listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage
24  statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,
25  DEFENDANT from time to time provided PLAINTIFF and the other members of the
26  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.
27  100.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor
28

39

CLASS ACTION COMPLAINT

**EXHIBIT  1**
**PAGE 89**

1  Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

2  CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

3  expended calculating the correct rates for the overtime worked and the amount of employment

4  taxes which were not properly paid to state and federal tax authorities. These damages are

5  difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA

6  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

7  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

8  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

9  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

10  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

11

12  **SEVENTH CAUSE OF ACTION**

13  **For Failure to Reimburse Employees for Required Expenses**

14  **[Cal. Lab. Code § 2802]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

16  **Defendants)**

17  101.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

18  reallege and incorporate by this reference, as though fully set forth herein, the prior

19  paragraphs of this Complaint.

20  102.   Cal. Lab. Code § 2802 provides, in relevant part, that:

21  An employer shall indemnify his or her employee for all necessary expenditures
   or losses incurred by the employee in direct consequence of the discharge of his
22  or her duties, or of his or her obedience to the directions of the employer, even
   though unlawful, unless the employee, at the time of obeying the directions,
23  believed them to be unlawful.

24  103.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

25  failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

26  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

27  benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

28
_____
                              40
                    CLASS ACTION COMPLAINT

EXHIBIT  1
PAGE 90

1  CLASS members for expenses which included, but were not limited to, costs related to using
2  their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically,
3  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by
4  DEFENDANT to use their personal cellular phones in order to perform work related job tasks.
5  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA
6  LABOR SUB-CLASS members for expenses resulting from using their personal cellular
7  phones for DEFENDANT within the course and scope of their employment for DEFENDANT.
8  These expenses were necessary to complete their principal job duties. DEFENDANT is
9  estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these
10  expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR
11  SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the
12  CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required
13  to do under the laws and regulations of California.

14      104.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred
15  by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job
16  duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest
17  at the statutory rate and costs under Cal. Lab. Code § 2802.

18                       **EIGHTH CAUSE OF ACTION**
19                    **For Failure to Pay Wages When Due**
20                    **[ Cal. Lab. Code §§ 201, 202, 203]**
21      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
22                              **Defendants)**
23      105.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
24  reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of
25  this Complaint.
26      106.    Cal. Lab. Code § 200 provides that:
27      As used in this article:
28                                  41
                         CLASS ACTION COMPLAINT

                         **EXHIBIT  1**
                         **PAGE 91**

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

107.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

108.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

109.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

110.   Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

111.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

112.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

42

CLASS ACTION COMPLAINT

**EXHIBIT  1**
**PAGE 92**

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)    Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

    D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

43

1    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

2    an award of costs for violation of Cal. Lab. Code § 226;

3  E)  The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

4    LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

5    costs of suit;

6  F)  For liquidated damages pursuant to California Labor Code Sections 1194.2 and

7    1197; and,

8  G)  The wages of all terminated employees from the CALIFORNIA LABOR SUB-

9    CLASS as a penalty from the due date thereof at the same rate until paid or until

10    an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

11  3.  On all claims:

12  A)  An award of interest, including prejudgment interest at the legal rate;

13  B)  Such other and further relief as the Court deems just and equitable; and,

14  C)  An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

15    including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802.

16

17  Dated: January 28, 2020          BLUMENTHAL NORDREHAUG BHOWMIK
                                     DE BLOUW LLP
18

19

20  By: _____
                                     Norman B. Blumenthal
21                                   Attorneys for Plaintiff

22

23

24

25

26

27

28                                   44
    _____
    CLASS ACTION COMPLAINT

**EXHIBIT  1**
**PAGE 94**

1

## DEMAND FOR A JURY TRIAL

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: January 28, 2020           BLUMENTHAL NORDREHAUG BHOWMIK
                                        DE BLOUW LLP
5

6
                                        By:
7                                            Norman B. Blumenthal
                                             Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        45
                                  CLASS ACTION COMPLAINT

## EXHIBIT 1
## PAGE 95

# EXHIBIT  2

DEPARTMENT OF THE NAVY
OFFICE OF THE SECRETARY
WASHINGTON



JUL 22 1943

Honorable Earl Warren,
Governor of California,
Sacramento, California.

JUL 17 1943

Sir:

The United States of America became vested with a valid
title to approximately 416.803 acres of land in San Diego
County, California, on April 10, 1943, pursuant to a decla-
ration of taking filed on that date in the United States
District Court for the Southern District of California,
Southern Division, in the case of United States of America
v. 450 acres of land in San Diego, California, George H.
Agnew, et al., Civil No. 228-SD. This land was acquired
for the purpose of expanding Ream Field, a naval auxiliary
air station used in connection with the U. S. Naval Air
Station at San Diego, California.

In accordance with the provisions of the Act of Congress
approved October 9, 1940 (54 Stat., 1083), jurisdiction
over the aforesaid land, which is more fully and particu-
larly described in the attached Exhibit "A", is hereby ac-
cepted by the Navy Department on behalf of the United
States of America in the manner and form granted and ceded
by an Act of the California Legislature approved March 12,
1872, as amended by Chapter 710 of the Statutes of 1939
(Sec. 34 of the Political Code of 1939).

There are enclosed two carbon copies of this letter of ac-
ceptance. Their return in the enclosed franked envelope
with your endorsement thereon of the time of the receipt
of this acceptance will be appreciated. One copy will be
forwarded to the Attorney General of the United States and
the other retained in the files of the Navy Department.

Very truly yours,

James Forrestal

James Forrestal

Acting

Encl HW: 5 carbon copies of ltr

THE UNDERSIGNED, ACTING IN THIS BEHALF FOR THE
STATE LANDS COMMISSION, HAS HEREBY CERTIFIED
THAT THE ANNEXED IS A WHOLE, TRUE AND CORRECT
COPY OF THE ORIGINAL RECORD COPY, CONSISTING OF
____ PARTS, ON FILE IN THE OFFICE OF THE STATE
LANDS COMMISSION, THAT SAID COPY HAS BEEN COM-
PARED BY THE UNDERSIGNED WITH THE ORIGINAL, AND
IS A CORRECT TRANSCRIPT THEREFROM.

IN WITNESS WHEREOF, THE UNDERSIGNED
HAS EXECUTED THIS CERTIFICATE AND
AFFIXED THE SEAL OF THE STATE LANDS
COMMISSION THIS ____ DAY OF ____
A.D. 20 __

EXHIBIT 2
PAGE 1

Honorable Earl Warren,          JUL 17 1943
Governor of California,
Sacramento, California.

Sir:

The United States of America became vested with a valid
title to approximately 416.803 acres of land in San Diego
County, California, on April 10, 1943, pursuant to a decla-
ration of taking filed on that date in the United States
District Court for the Southern District of California,
Southern Division, in the case of United States of America
v. 450 acres of land in San Diego, California, George H.
Agnew, et al., Civil No. 228-SD.  This land was acquired
for the purpose of expanding Ream Field, a naval auxiliary
air station used in connection with the U. S. Naval Air
Station at San Diego, California.

In accordance with the provisions of the Act of Congress
approved October 9, 1940 (54 Stat., 1083), jurisdiction
over the aforesaid land, which is more fully and particu-
larly described in the attached Exhibit "A", is hereby ac-
cepted by the Navy Department on behalf of the United
States of America in the manner and form granted and ceded
by an Act of the California Legislature approved March 12,
1872, as amended by Chapter 710 of the Statutes of 1939
(Sec. 34 of the Political Code of 1939).

There are enclosed two carbon copies of this letter of ac-
ceptance.  Their return in the enclosed franked envelope
with your endorsement thereon of the time of the receipt
of this acceptance will be appreciated.  One copy will be
forwarded to the Attorney General of the United States and
the other retained in the files of the Navy Department.

                    Very truly yours,


                    James Forrestal

Encl HW: 5 carbon copies of ltr          Acting

EXHIBIT 2
PAGE 2

416.803 ACRES, MORE OR LESS, LOCATED IN THE COUNTY OF SAN
DIEGO, CALIFORNIA (EXPANSION OF REAM FIELD, SAN DIEGO,
CALIFORNIA).


All those lands, lying and being situate in the County of
San Diego, California, being described as the NE¼, the E½ of
the NW¼, the E½ of the SW¼ of the NW¼, the N½ of the SW¼ and
the N½ of the SE¼ of Section 32, Township 18 South, Range 2
West, San Bernardino Meridian, inclusive of portions of the
Town of Oneonta, Map 683; Said lands being more particularly
described as follows:

Beginning at the W¼ corner of Section 32, Township 18
South, Range 2 West; thence S. 89° 18' 15" E., along the South
line of the W3/4 of the SW¼ of the NW¼ of said Section 32,
1000.91 feet to the SE corner of said W3/4 of the SW¼ of the
NW¼ of Section 32; thence N. 0° 41' 30" E., along the West
line of the E½ of said SW¼ of the NW¼, 1319.66 feet to the NW
corner thereof; thence S. 89° 17' 15" E., along the North
line of said E½, 333.59 feet to the NE corner thereof; thence
N. 0° 39' 45" E., along the West line of the NE¼ of the NW¼
of said Section 32, 1320.90 feet to the NW corner thereof;
thence S. 89° 22' 45" E., along the North line of said Sec-
tion 32, 2669.30 feet to the NW corner of the NE¼ of the NE¼
of said Section 32; thence S. 89° 25' E., along the said
North line of said Section 32, 1334.60 feet to the NE corner
of said Section 32; thence S. 0° 44' 15" W., along the East
line of said Section 32, 2645.42 feet to the E¼ corner of
said Section 32; thence S. 0° 53' W., along the said East
line of said Section 32, 1327.0 feet to the SE corner of the
N½ of the SE¼ of said Section 32; thence N. 89° 38' 45"
W., along the South line of the said N½ of the SE¼, 2664.10
feet to the SW corner thereof, thence N. 89° 22' 45" W.,
along the South line of the N½ of the SW¼ of the said Section
32, 2663.40 feet to the SW corner thereof; thence N. 0° 32'
E., along the West line of said Section 32, 1345.25 feet to
the place of beginning, containing 416.803 acres, more or less.

As delineated on that certain plat entitled "Record of
Survey Map. No. 1023 (6 sheets)".


EXHIBIT "A"

6808202

EXHIBIT 2
PAGE 3

ND11/N1-13
C5-2-SD-26
F-5-7/RFW/ab

Honorable Earl Warren,                    JUL 17 1943
Governor of California,
Sacramento, California.

Sir:

The United States of America became vested with a valid
title to approximately 416.803 acres of land in San Diego
County, California, on April 10, 1943, pursuant to a decla-
ration of taking filed on that date in the United States
District Court for the Southern District of California,
Southern Division, in the case of United States of America
v. 480 acres of land in San Diego, California, George H.
Agnew, et al., Civil No. 228-SD.  This land was acquired
for the purpose of expanding Ream Field, a naval auxiliary
air station used in connection with the U. S. Naval Air
Station at San Diego, California.

In accordance with the provisions of the Act of Congress
approved October 9, 1940 (54 Stat., 1083), jurisdiction
over the aforesaid land, which is more fully and particu-
larly described in the attached Exhibit "A", is hereby ac-
cepted by the Navy Department on behalf of the United
States of America in the manner and form granted and ceded
by an Act of the California Legislature approved March 12,
1872, as amended by Chapter 710 of the Statutes of 1939
(Sec. 34 of the Political Code of 1939).

There are enclosed two carbon copies of this letter of ac-
ceptance.  Their return in the enclosed franked envelope
with your endorsement thereon of the time of the receipt
of this acceptance will be appreciated.  One copy will be
forwarded to the Attorney General of the United States and
the other retained in the files of the Navy Department.

                              Very truly yours,

                              James Forrestal
                                      Acting
Encl #9: 5 carbon copies of ltr   Original of this letter received
                                  on the_____day of_____,1943.
CC:   AttyGen
      BuAer
      Com11                       _____
      Comdt.NAC, San Diego,Calif.              Governor
      CO, US NAAS, Ream Field, c/o NAC, San Diego, Calif.

EXHIBIT 2
PAGE 4

# EXHIBIT  3

After recording, mail to:
Department of the Navy
Western Division
Naval Facilities Engineering Command
P. O. Box 727
San Bruno, California 94066
ATTN: W. R. Carsillo

DOCUMENTARY TRANSFER TAX $
☐ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED, OR
☐ COMPUTED ON FULL VALUE LESS LIENS & ENCUM-
BRANCES REMAINING THEREON AT TIME OF SALE.
Signature of declarant or agent determining tax - Firm Name
☐ Unincorporated Area   ☐ City of _____

Contract No. NF(R)-9674
Parcels Nos. 1, 2, 14,
16, 126
Order No. C-372047
C-425091

SECURITY TITLE INS. CO.

GRANT DEED

FOR AND IN CONSIDERATION of the sum of SEVEN HUNDRED SIX THOUSAND EIGHT
HUNDRED AND NINETY and no/100 DOLLARS ($706,890.00), receipt of which is
hereby acknowledged, ROBERT EGGER, Trustee, hereinafter called the GRANTORS,
hereby grant to the UNITED STATES OF AMERICA all that certain real property
described as follows:

## PARCEL 1

A parcel of land in the City of San Diego, County of San Diego,
State of California, being a portion of the NW 1/4 of the NW 1/4
of Section 33, Township 18 South, Range 2 West, S.B.B.M., accord-
ing to the United States Government Survey approved February 25,
1870, lying within the following described boundary:

BEGINNING at a point in the Westerly line of said NW 1/4 of the
NW 1/4 of Section 33, distant thereon 844.90 feet Southerly along
said Westerly line from the Northwest corner of said Section 33,
said point being the Southwest corner of that certain parcel of
land described as Parcel 1 in that certain Decree of Condemnation
under Civil Case No. 502-SD in the District Court of the United
States in and for the Southern District of California, Southern
Division, a copy of said Decree being recorded August 1, 1945 in
Book 1925, Page 13 of Official Records; thence South 89°23'00"
East along the Southerly boundary of said Parcel 1 of Civil Case
No. 502, a distance of 545.00 feet to the Southeast corner thereof;
thence South 00°44'15" West along the Southerly prolongation of
the Easterly line of said Parcel 1 of Civil Case No. 502, to an
intersection with the South line of said NW 1/4 of the NW 1/4 of
said Section 33; thence Westerly along said South line to an
intersection with the Westerly line of said Section 33; thence
Northerly along said Westerly line to the POINT OF BEGINNING.

EXCEPTING THEREFROM an undivided one-half interest in all oil,
gas, mineral or any deposits of such, contained in said land, of
any nature.

## PARCEL 2

All that real property situate in the City and County of San Diego,
State of California, being that portion of Section 33, Township 18
South, Range 2 West, S.B.B.M., described as follows:

The North half of the Southwest quarter of the Northwest quarter
EXCEPTING the east one rod.

## PARCEL 14

That portion of the South 40.00 acres of the W 1/2 of the SW 1/4
of Section 32, Township 18 South, Range 2 West, S.B.B.M., in the
City of San Diego, County of San Diego, State of California,
according to U. S. Government Survey approved February 25, 1870,
described as follows:

BEGINNING at the Northeast corner of said South 40.00 acres;
thence West along the North line of said South 40.00 acres,
528.00 fee; thence South 165.00 feet, more or less, to the South
line of the North 5.00 acres of the South 40.00 acres of the

128065

FILE/PAGE NO. _____
BOOK 1971
RECORDED REQUEST OF
Security Title Insurance Company

JUN 17 9:00 AM '71

OFFICIAL RECORDS
SAN DIEGO COUNTY, CALIF.
HARLEY F. BLOOM
RECORDER

$3.60

EXHIBIT 3
PAGE 1

South line 528.00 feet to a point; thence North 165.00 feet, more or less, to the POINT OF BEGINNING.

EXCEPTING THEREFROM that portion, if any, now or heretofore lying below the mean high tide line of the Pacific Ocean or any so-called arm of the Sea.

EXCEPTING AND RESERVING THEREFROM, 1/32 of all oil, gas and mineral produced or found therein, as excepted and reserved to Allen Clark in Deed recorded December 25, 1934, in Book 360/Page 320 of Official Records, and other deeds of record.

## PARCEL 16

All that real property situate in the City and County of San Diego, State of California, being that portion of Section 32, Township 18 South, Range 2 West, S.B.B.M., described as follows:

The West half of the West half of the North half of the South half of the Southwest quarter of the Southwest quarter EXCEPTING THERE-FROM that portion, if any, now or heretofore lying below the mean high tide line of the Pacific Ocean or any so-called arm of the sea.

## PARCEL 126

All that real property situate in the City and County of San Diego, State of California, being that portion of Section 33, Township 18, South, Range 2 West, S.B.B.M., described as follows:

The S 1/2 of the NW 1/4 of SE 1/4 of NW 1/4; the SW 1/4 of NE 1/4 of SE 1/4 of NW 1/4; the S 1/2 of SE 1/4 of NE 1/4 of SE 1/4 of NW 1/4; the S 1/2 of S 1/2 of NW 1/4 of SW 1/4 of NE 1/4; the S 1/2 of SE 1/4 of NW 1/4; the SW 1/4 of SW 1/4 of NE 1/4; the E 1/2 of NE 1/4 of SW 1/4; the N 1/2 of NW 1/4 of NE 1/4 of SW 1/4; The Easterly 2/3 of SE 1/4 of NW 1/4 of NE 1/4 of SW 1/4; the Easterly 2/3 of E 1/2 of SW 1/4 of NE 1/4 of SW 1/4; and W 1/2 of SE 1/4 of SW 1/4 of NE 1/4; excepting therefrom a parcel of land described as follows:

Beginning at the SE corner of the NE quarter of the SW quarter of Section 33, Township 18 South, Range 2 West, S.B.M. said point being 200 feet more or less along the south line of said NE quarter of the SW quarter from said <u>POINT OF BEGINNING</u>; thence

1.  Continuing along said south line 638.22 feet more or less to a point in the west line of the easterly 2/3 of the SE quarter of the SW quarter of the NE quarter of the SW quarter of said section; thence

2.  Along said westerly line north 260 feet more or less to the point of intersection of the southeasterly line of the approach slope of the easterly end of Runway 9-27 as now located at the Naval Air Station, Imperial Beach, California; thence

3.  Southeasterly along said southeasterly line of said approach slope 694.87 feet more or less to the <u>POINT OF BEGINNING</u>; containing in said parcel 1.904 acres, more or less.

Title to the above-described property is being acquired by the UNITED STATES OF AMERICA at the request of the Department of the Navy.

IN WITNESS WHEREOF, GRANTORS have executed this conveyance this 11ᵗʰ day of JUNE , 1971.

EXHIBIT 3

Robert Egger, Trustee

STATE OF CALIFORNIA
COUNTY OF_____ } SS.

On_____ before me,
the undersigned, a Notary Public in and for said County and State,
personally appeared _____
ROBERT EGGER
_____, known to me
to be the person____whose name __IS__ subscribed to the
within instrument and acknowledged that ____HE__ executed the
same.

*Sarah E. Berry.*

SARAH E. BERRY
Name (Typed or Printed)
Notary Public in and for said County and State



FOR NOTARY SEAL OR STAMP



OFFICIAL SEAL
SARAH E. BERRY
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires Sept. 26, 1973

1170 Emory St., Imperial Beach, Calif. 92032

EXHIBIT 3
PAGE 3